1830.

Stafford
v.
Bryan.

---

## STAFFORD vs. BRYAN.

It seems the court of chancery cannot entertain a bill in the nature of a bill of review upon the ground of newly discovered facts, to review a decree which had been affirmed in the court for the correction of errors, unless such a right has been expressly reserved by the final decree of the appellate court.

To revive a debt barred by the statute of limitations, there must be an admission of a subsisting indebtedness, unaccompanied by any thing which shows the intention of the party to avail himself of the statutes as a bar, or which is sufficient to rebut the implication of a promise to pay.

Where a witness on his cross-examination is interrogated as to matters which are irrelevant and improper, and which cannot benefit either party in the

1830.

Stafford
v.
Bryan.

suit, the party at whose request such cross-examination was had is chargeable with the examiner's fees for drawing, engrossing and copying such part of the testimony as was useless or irrelevant.

If the depositions of witnesses are unnecessarily prolix or irrelevant, although the solicitor at whose request they were taken down may be answerable to the examiner for his fees, he cannot be allowed therefor on the taxation of the costs, even as against his own client.

Where there is a general decree for costs against the complainant, he is not chargeable with the extra expense which has been produced by the neglect of the defendant to put in a perfect answer at first.

But the draft and copies of so many folios of the further answer as would have been necessary to make the first answer perfect, or as have been made necessary by subsequent amendments of the bill, are properly taxable.

Only two copies of the bill or answer in addition to the engrossed copy to file are to be allowed on a taxation.

The jurat should be drawn up by the solicitor in the form prescribed by the 18th rule, and charged as part of the folio contained in the bill or answer, and not as a separate affidavit.

Where a party obtains a general decree for costs in the cause, he is entitled to have taxed the costs of a successful interlocutory motion if no direction as to costs was given at the time, unless such application was granted as a mere matter of favor, or to relieve the party from the consequences of his own default.

The party opposing a motion unsuccessfully is not entitled to the costs of opposing, as costs in the cause.

The party making an unsuccessful motion is not entitled to the costs of such motion; but the party opposing the same is entitled to his costs, as costs in the cause, unless a different direction is given at the time.

Under the fee bill in the revised statutes, the solicitor is not entitled to charge by the folio for the draft or copies of his bill of costs.

Bills of costs which are to be annexed to the decree or enrolment must be fairly engrossed, without unnecessary erasures or interlineations, before they are certified by the taxing officer; and if they are not in that situation, he should direct them to be re-engrossed.

February16th.

AFTER the decision of this cause as reported in 1 Paige's Rep. 239, the complainant appealed to the court for the correction of errors, and the decree of dismissal was affirmed with costs. Pending that appeal the complainant called the defendant as a witness before an examiner, in another cause pending in this court, in which the same note in controversy in this suit was in question between the complainant and third persons. The complainant after such examination applied to the court of errors to stay the hearing in that court until he could apply to this court for leave to file a supplemental bill in the nature of a bill of review; for the purpose

of showing that upon such examination the defendant admitted he had not paid the note. That motion having been denied, and the remittitur, containing the affirmance of the decree of dismissal with costs, being now brought into this court.

*J. Lansing*, for the complainant, presented a petition for leave to file a supplemental bill in the nature of a bill of review, and that all the proceedings in the mean time be stayed. The complainant also applied for a retaxation of the costs in this court.

*S. Dutcher, junior*, for the defendant, objected that this court could not review a decree which had been affirmed on appeal, even upon newly discovered facts. He also insisted that there was no admission of indebtedness in the deposition of the defendant inconsistent with his answer in this cause, or which could authorize a recovery for the note in question. Other objections were also made, which it is not necessary to state.

THE CHANCELLOR. Without examining the question at length, whether this court can in any case entertain a bill of review after the final decree of the court for the correction of errors in the cause, it may be sufficient to say that the case of *Barbon* v. *Stearle*, (1 Vern. 416,) relied on by the complainant's counsel, seems to be an authority against such right. The allegations in the bill in that case where, that pending the appeal, as the complainants had since discovered, the defendant had suppressed certain evidences and burnt the deed on which the complainant's title depended. And a discovery of these matters was prayed merely in aid of an application which was intended to be made to the house of lords, when it should be in session, for relief there. The complainant in his bill, as well as the counsel on the argument of the demurrer, expressly disavowed any authority in the court of chancery to reverse or alter the order or decree of the house of lords. And the lord chancellor himself appears to have thought he had no such right; for he directed that after the defendant had answered the bill, the complainant should not be permitted to proceed any further without the special leave of the

court. If this court can review, on new evidence, a decree affirmed in the court of dernier resort, it can also review a decree which has been reversed there ; but I doubt the authority of the chancellor to do it in either case, unless that court has expressly reserved to him that right. If the facts in this case had been sufficient to authorize such a proceeding, a provision to that effect might have been inserted in the decree of affirmance.

But if that decree was not in the way of this application, I think the facts in this case are not sufficient to authorize the filing of a bill of review. If the decision of this court, or that of the court of errors, had turned upon the question whether the note had or had not been paid, I presume the result would have been different, even on the facts as originally presented in the cause. The case turned wholly on the statute of limitations, which was considered by both courts as a legal bar to the suit, whether the note had been ever paid or not. My own opinion certainly was that the note never had been paid ; but I did not believe the defendant had acknowledged it as a valid and subsisting debt; or had ever offered or promised to pay it within six years previous to the commencement of this suit. And the same opinion was expressed by several members of the court which affirmed my decree.

I think the counsel has misunderstood the deposition of the defendant which was made before the examiner, when taken in connection with his original answer. In the answer he stated his belief that the note had been actually paid. If in the further progress of this suit his opinion had been altered on that point, or he had serious doubts on the subject, he could not reiterate the expression of that belief on his examination as a witness, without doing great injustice to one of the parties in that suit. He does not however admit that the note never had been paid ; he at most evades giving any direct answer to that inquiry. The language of his deposition, in answer to successive interrogatories which were undoubtedly put to him by the complainant's counsel, is, that he does not know when, where, or to whom the note was paid ; but that at all events it is not now a sub-

sisting demand, being barred by the lapse of time. He re- 1830.

Stafford

v.

Bryan.
fuses to swear that the note has been paid in money. In a
subsequent part of the deposition he says he did not know
that he was indebted to the firm previous to the death of John
Stafford. But this could not be true if he admitted that he
at that time knew that the whole amount of this note was an
equitable and subsisting demand against him. To take a case
out of the statute of limitations, there must not only be an
admission of a present subsisting indebtedness, but it must
be unaccompanied with any thing which shows the party in-
tends to avail himself of the statute as a bar, or which is suf-
ficient to rebut the implication of a promise to pay. The
opinions of Justice Sutherland in this case, before the court
of errors, and of Justice Marcy in the case of *Purdy* v. *Aus-
tin*, in the supreme court, (3 Wendell's Rep. 187,) are sound
and correct expositions of the law upon this subject. The
evils of resorting to uncertain and vague declarations of par-
ties to revive debts barred by the statute have been so great
and have led to so much perjury that it has recently been
found necessary in England to prohibit the introduction
of any parol evidence to prove an admission of indebtedness
or a promise to pay a debt which is barred by the lapse of
time. ( Statutes at large, 8 Geo. 4, May 9, 1828. )

I am satisfied the new matters now sought to be brought
before this court by the bill of reveiw could not have altered
the result if they had been given in evidence on the former
hearing. The petition must therefore be dismissed with costs
to be taxed against the complainant, and to be included in the
same bill with the general costs in the cause ; and there must
be a decree, in the usual form, to carry into effect the decision
of the court of errors as contained in the remittitur. The costs
of the proceedings in that court on the appeal, must be taxed
separately, but all the costs in this court must be included in
one bill and the taxed costs in both courts must be filed with
the register and annexed to the enrolment of the final decree.

On the question of re-taxation which has been made and
argued in this cause, I have looked into the bill of costs and
the petition and affidavits and find that the counsel fees were
properly allowed, except some which were incurred in rela-

tion to proceedings for which the complainant was not answerable, as hereafter mentioned. The charge for the examiner's fees, so far as relates to drawing and copying the direct examination of S. Dutcher, junior, ought not to have been allowed ; but the fees for drawing and engrossing the cross-examination are properly chargeable against the complainant. The whole of that was useless and improper, but as it was the act of the complainant's counsel, it is proper that he should pay the examiner's fees of this extraordinary and vexatious cross-examination. There is another objection to this item which ought to have been noticed by the taxing officer. The examiner's bill has been taxed in gross at $158,25, without specifying for what services the charge is made. The 130th rule requires that the several items of the fees of each officer of the court be particularly detailed and not charged in gross. The object of this provision is that it may appear upon the face of every taxed bill that no officer has been allowed for any improper or illegal charge. Each item of the examiner's, register's and master's bills should be set out at length, with the same particularity as those of the solicitor and counsel. Although the party at whose request each witness was sworn and examined, or each particular exhibit was certified and marked, may be answerable to the examiner for his fees, it does not follow of course that it is taxable against the adverse party, unless it was necessary and relevant. If the deposition of any witness is unnecessarily prolix or is irrelevant, the taxing officer is directed to disallow any charge therefor, even as between the solicior and his own client. ( R. S. 183, § 101. )

As the costs in this cause must be referred back to the master for a re-taxation, it is proper to suggest that he has allowed numerous items in this bill which ought not to have been taxed against the complainant, whether objected to or not. By one of the provisions of that title of the revised statutes which relates to the taxation of costs, ( 2 R. S. 653, § 5, ) it is made the duty of the taxing officer to examine the bills presented to him, whether the taxation be opposed or not, and to be satisfied that the items charged are correct and legal, and to strike out all charges for services which were unnecessa-

ry, &c. Although this court will not as a matter of course allow an appeal from the decision of the taxing officer, where a party has neglected to appear or to make the objection before him, yet where a retaxation is ordered, if it appears on the face of the taxed bill that other improper items were allowed, the taxing officer may be directed to review his taxation as to those items, although not objected to on the previous taxation.

If the defendant puts in an insufficient answer, which is excepted to on that ground, if the exceptions are submitted to, or allowed, he has no right to charge the complainant with the additional expense which has been produced by his neglect to put in a sufficient answer in the first instance. The draft and copies of so many additional folios as would have been necessary to render the first answer full and perfect, or as have been produced by subsequent amendments to the bill, are properly taxable. But the charges for perusing and amending, filing, swearing to the further answer and serving the same, and others of a similar description, which would not have been necessary if the first answer had been complete, cannot be taxed against the complainant. The petition for further time to consider the exceptions in this case, and the stipulation or submission to answer further, and several other charges of a similar nature, fall within the same rule. The master has allowed for a draft and three copies of the answers, &c. in addition to the engrossed copy to file; this is one copy more than is taxable by the settled practice of the court, and two more than is usually made. He has also allowed for two folios for the draft and copies of the affidavits of the truth of the answers, petitions, &c.; this is also improper. The jurat to the answer or petition, if properly drawn, cannot contain one folio, and ought not to be drawn in the shape of a separate affidavit. It is the mere certificate of the officer that the defendant or petitioner was sworn to the truth of the answer or petition. It should always be drawn up by the solicitor, in the form prescribed by the 18th rule, and estimated as part of the folio contained in the answer or petition. The charge for attendance before the master on the exceptions, which were finally deci-

ded against the defendant, and all other proceedings in relation thereto which were the necessary result of his imperfect answers, must be disallowed.

The rule as to costs of interlocutory proceedings, in relation to which no directions were given at the time, and which are to be allowed as costs, in the cause in favor of the party who obtains a decree for costs, is this: The party making a successful motion, and which is not granted as a mere matter of favor or to relieve him from the consequences of his own default, is entitled to the costs of the motion, as costs in the cause; but the party opposing such a motion unsuccessfully is not entitled to the costs of opposing, as costs in the cause; and if a party makes a motion which fails, he is not entiled to his costs, but the party opposing may have his costs as costs in the cause, unless a different direction is given at the time. (1 Sim. & Stu. Rep. 357.)

The master has allowed the defendant's solicitor by the folio for drawing his bill of costs, amounting to $6,50. The whole of this charge is improper, as no such allowance is made by the fee bill. The solicitor's fees in the Revised Statutes are taken from the act of April 21st, 1818, and the provisions of that act were not intended to be altered by the revisors or the legislature. (Rev. notes to report of ch. 10, pt. 3, p. 31, 32.) It is well known that the fee bill of 1818 was prepared by the late Chancellor Kent, under a resolution of the assembly, with remarks explanatory of each item. The second clause of the present fee bill, which authorizes a charge by the folio for drawing pleadings "and other proceedings in a cause," was not intended to cover the draft of a bill of costs. The fee bill of 1813 had a special provision allowing for such draft by the folio, but it was intended to be excluded by Chancellor Kent's bill, although the second clause was retained as in the bill of 1813 and in that which is now in force. In his report to the assembly, (Journal of February 25, 1818, p. 335,) the late chancellor has appended this remark to the item for copies of the bill of costs: " The allowance in this case is much diminished from the act of 1813, by totally omitting the following charge: 'Drawing costs for taxation, for every ninety words, twenty

cents.'" But it would have been increased instead of di-

minished if it could have been taxed under the second clause; because the allowance for drawing pleadings and other proceedings was raised to 25 cents in the bill as reported by him. The uniform construction of that fee bill by my predecessors has been against the right here claimed, and in accordance with the intention of the chancellor as expressed in his report. The same construction must therefore continue to be given by this court to like provisions in the Revised Statutes. The charge for drawing and filing a precipe is excluded by the Revised Statutes; (2 R. S. 651, § 11;) and the allowance for interest on the examiner's fees was illegal and improper.

Under the present law the taxed bills of costs are to be annexed and to constitute a part of the enrolment of the decree. They must therefore be carefully engrossed without erasures or interlineations, like other papers filed in the cause; and if they are not in that situation, or if any considerable deductions are allowed on taxation, they must be redrawn at the expense of the solicitors offering them for taxation, before the taxing officer certifies thereon the amount at which they are taxed.

The bill of costs in this case must be referred back to the master to be taxed on the principles above stated; rejecting the costs of the two special motions where the late chancellor denied costs to either party. The bill must be re-drawn, so as to include the several items of fees due to the examiner in detail, together with the costs of opposing the application to file a bill of review, and the costs of the enrolment of the decree of this court founded on the remittitur, and of the execution to carry the decree into effect; and excluding the items of the present bill which are declared to be improper. A copy of the bill as re-drawn, with the usual notice of taxation is to be served, and neither party is to have any costs on this application for a re-taxation.