## J. H. HARDWICK *v.* AMERICAN CAN COMPANY.

### (*Knoxville.*   September Term, 1905.)

1. **CHANCERY PLEADING AND PRACTICE.** **Supplemental bill in nature of bill of review by defendant pending a decree of reference to present newly discovered evidence, when.**

   A supplemental bill in the nature of a bill of review may be filed by the defendant, by leave of the court, for the purpose of putting in issue material and determinative new matter discovered after the filing of the answer, and after the passing of the decree of reference, and while the said decree is in process of execution before the master, where such bill shows due diligence, and that the new matter could not reasonably have been ascertained prior to its discovery. (*Post, pp.* 394-399.)

   Cases cited and approved: Long v. Granberry, 2 Tenn. Chy., 85; Laidley v. Merrifield, 7 Leigh (Va.), 346, 353, 354; Baker v. Whiting, 1 Story, 218, Fed. Cases, No. 786; Jenkins v. Eldredge, 3 Story, 299, 307, Fed. Cases, No. 7,267; Deitch v. Staub, 115 Fed., 310-316, 53 C. C. A., 137.

2. **SAME.** **Same.** **Defendant's supplemental bill in the nature of a bill of review presenting an inconsistent defense should not be allowed to be filed, when.**

   Where, in a suit for the breach of a contract to purchase stoves, the defendant pleaded in his answer as a defense that the stoves were so defective that he could not handle them, and that they were totally unsuited for the purposes for which they were contracted and intended to be resold, a supplemental bill in the nature of a bill of review, alleging that the complainant therein, who was the defendant in the original suit, had sustained a loss of five thousand dollars by reason of the fact that the complainant in the original suit pending the running of the contract, and in breach thereof, had sold between one thousand

Hardwick v. American Can Company.

and fifteen hundred stoves to another dealer in his (original defendant's) trade territory, presents a defense inconsistent, incongruous, and conflicting with that originally made in the answer and should not therefore be permitted to be filed, (*Post, pp.* 399-401.)

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County.—T. M. McCONNELL, Chancellor.

BROWN & SPURLOCK and PRITCHARD & SIZER, for complainant.

WHEELER & TRIMBLE and WHITE & MARTIN, for defendant.

MR. JUSTICE NEIL delivered the opinion of the Court.

This case was before us at the last term. The opinion then delivered appears in fifth Cates, at page 657. At the former hearing the case was remanded to the chancery court for an account and for other purposes. It is now before us again on appeal from the action of the court of chancery appeals in respect of the disposition which it made of the report of the master, and of the decree of the chancellor thereon and in respect of an application made in the chancery court for the filing of a

Hardwick v. American Can Company.

supplemental bill in the nature of a bill of review, and for the disposition of questions related thereto.

We shall not take up these questions in the order just stated, but in what seems to us the most convenient sequence.

1. The defendant filed in the court below a supplemental bill in the nature of a bill of review, for the purpose of putting in issue new matter discovered after the filing of the answer, and after the passing of the decree of reference and while the latter decree was in process of execution before the master. This bill shows that due diligence was exercised on the part of the defendant and that the matter could not reasonably have been ascertained prior to the time at which it was discovered. Assuming the evidence to have been material and determinative, the question arises as to the proper practice in such cases. We are not aware that this precise question has ever before been determinated in this State. The cases are numerous wherein final decisions have been reviewed under bills of review. But we know of no case in our reports where the question has arisen in respect of an interlocutory decree.

The following authorities indicate the true conclusion:

In *Laidley* v. *Merrifield,* 7 Leigh (Va.), 346, 353-4, it is said:

"A bill of review strictly speaking, is a proceeding to correct a final decree in the same court, for error apparent on the face of the decree or on account of new evi-

dence discovered since the final decree. The decree being final, the bill of review is not regarded as a part of the cause in which the decree was rendered, but as a new suit, having for its object a correction of the decree in the former suit. But where a decree is only interlocutory but liable to the same objection, the party injured must seek his redress, not by a bill of review, as such,. but by petition or supplemental bill in the nature of a bill of review. Such petition or supplemental bill is regarded as a part of the very cause, the decree in which is sought to be corrected, and any order or decree of the court on the petition or bill is only interlocutory." Story's Equity Pl., sec. 425; Daniels' Chancery Pl. and Pr. (5th Ed.), 1537.

The new matter must be brought to the attention of the court as soon as discovered. If, after discovering such matter, the party allow the case to go to a final decree, he can not use the new matter. Story's Equity Pl., sec. 423.

In *Baker* v. *Whiting,* it is said:

"To compel the petitioner to wait until a final decree and then to apply for a bill of review, or a bill in the nature of a bill of review would not only occasion great delay, but also great expense to the parties, which ought, if practicable, to be avoided. 1 Story, 218; Fed. Cases, No. 786. See also *Jenkins* v. *Eldredge,* 3 Story, 299-307; 13 Fed. Cases, p. 504, case 7267.

In the last cited case, Judge Story used this language:

Hardwick v. American Can Company.

"The real question, therefore, for the consideration of the court is, whether leave should be granted to file a supplemental bill to bring forward the new evidence. In substance, there is no difference between this case and the case of leave to file a bill of review, or a bill in the nature of a bill of review, except that the latter is solely applicable to cases where there has been a final decree, whereas cases like the present may be before or after an interlocutory decree."

In his work on Equity Pleadings, Judge Story says:

"It has been established that matter discovered after a decree has been made, although not capable of being used as evidence of anything which was previously in issue in the case, but constituting an entirely new issue *may well* be the subject of a bill of review." Story's Equity Pl. sec. 416.

Such a supplemental bill may be filed not only by a complainant, but also by a defendant. In the work just referred to, it is said:

"Hitherto we have chiefly considered supplemental bills on the part of the plaintiff; but they may also be brought in behalf of the defendant in the suit. Where the matter is newly discovered evidence on the part of the defendant after the cause is at issue, or after the publication is passed or even after a hearing or decree, the defendant may by petition to file a supplemental bill, obtain relief." Id., sec. 337c.

The subject was recently gone over *to some extent* in an opinion by Judge Lurton in the case of *Deitch* v.

*Staub,* 115 Fed. Rep., 310-316. In that case it appeared that Staub, as receiver of the Knoxville Building & Loan Association, brought suit against Deitch in the federal court to enforce two mortgages which had been executed for money loaned. Deitch, the defendant, raised the question of usury. On an interlocutory decree, Judge Clark decreed that there was no usury, and referred the case to the master to report on the indebtedness. While the matter was pending before the master new evidence was discovered and offered, showing usury. The master declined to consider the new proofs, and there was an exception for this reason. On appeal it was held in the circuit court of appeals that the master could not consider the newly-discovered evidence because of the interlocutory decree and that the proper practice was for the defendant to bring a supplemental bill setting up the newly-discovered evidence and seeking to rehear the interlocutory decree.

Such a bill, "if maintainable at all, should properly in its prayer, be for leave to file a supplemental bill to bring forward the new evidence, and for a rehearing of the cause at the time when the supplemental bill should also be ready for hearing." *Jenkins* v. *Eldredge,* supra, p. 305.

In Daniels Chy. Pl. and Pr. it is said:

"A bill of this description can not be filed without leave of the court having first been granted. In order to obtain permission for this purpose, a petition must be presented supported by an affidavit to show that the new

matter could not be produced or used by the party claiming the benefit of it at the time the decree was made." Id. (5 Ed.), 1537, p ——. But a bill may be drawn so as to serve the purpose of both a bill and petition and so presented to the court for leave to file. *Long* v. *Granberry,* 2 Tenn. Chy., 85; Gibson, Suits in Chancery, secs. 1074, 1080.

2. From what has just been said, it is apparent that, nothing else appearing, the chancellor should have allowed the filing of the supplemental bill offered by the defendant, and likewise that the court of chancery appeals, but for a fact to be presently stated, acted correctly in granting the permission.

In order to properly understand the fact on which the question turns, it should be stated that the complainant and the defendant had mutually entered into a written contract wherein the defendant agreed to purchase from the complainant 5,000 stoves, and the complainant, among other things, agreed not to sell any stoves during the running of the contract, in the State of Georgia. It was alleged in the supplemental bill filed by the defendant that after the decree of reference had been awarded and the terms had adjourned at which that decree was rendered, the defendant had, by the exercise of great diligence, discovered a secret arrangement between the complainant and the firm of Bondurant & Company, of Athens, Georgia, whereby the complainant had sold to this firm a large number of stoves. It was alleged in the supplemental bill that the defendant had been greatly

injured by this secret transaction between Hardwick and Bondurant & Co. It is insisted on the part of the complainant that this new defense ought not to be permitted because in direct conflict with a leading defense set up in the original answer.

In the original answer one of the defenses set up by the Can Company was that the stoves manufactured by the complainant were so defective that it could not handle them. The answer contained upon that subject, the following:

"It is true that this defendant did order of the complainant 1191 stoves at the prices named in the said Exhibit A, and that the complanant did ship to this defendant 1191 stoves, and at the time of shipment collected from this defendant the contract price therefor, and that the defendant has not ordered nor accepted from the complainant any more stoves than those thus shipped and paid for; but said stoves so shipped and paid for were not such stoves as were required by the terms of the contract and were not merchantable stoves, and by reason of defective material and workmanship *were totally unsuited* for the purposes for which they were sold, and by reason of said defective material and workmanship, and said unmerchantability the defendant was unable to sell any more of said stoves than those shipped to it as aforesaid, although it used its best efforts so to do.

"The defendant was damaged to the extent of $5,000 through loss of trade and customers, and in loss of its business reputation, and in the time of its servants and

Hardwick v. American Can Company.

employees, and otherwise, by reason of the aforesaid defective character of the stoves so delivered, and was further damaged in the sum of $5,000 by reason of its failure to sell any more than 1191 of complainants stoves, owing to the same aforesaid defects."

The supplemental bill is based upon the ground that the complainant therein, the defendant to the original bill, had sustained loss by reason of the fact that the complainant pending the running of the contract, had sold between 1,000 and 1,500 stoves to Bondurant & Co. This seems to be entirely in conflict with the defense set up in the original answer that the goods were worthless, and that the defendant had suffered loss in selling such as he had sold, and great injury to his credit and reputation in attempting to sell others.

On the ground of this incongruity between the two defenses, we do not think that the supplemental bill should have been permitted to be filed; and that the court of chancery appeals erred in giving such permission.

3.   We are of opinion that the court of chancery appeals acted correctly in assessing the damages at $1182.38 with interest from August 1, 1902.   We deem it unnecessary to go into the particulars of this matter, being entirely content with the view taken of that branch of the case in the opinion of the court of chancery appeals.

A decree will be entered here in favor of the complainant for $1182.38, with interest from August 1, 1902, with costs.