THE SAFE DEPOSIT AND TRUST CO. ET AL., EXECU-
TORS OF HENRY WINTER *vs.* JOHN S. GITTINGS,
EXECUTOR OF ANNIE M. WINTER.

*Bill of Review in Lower Court After a Decree in Conformity with Opin-
ion of Appellate Court—Newly Discovered Evidence Insufficient to
Authorize Bill of Review—Appeal.*

When the Court of Appeals has remanded an equity cause to the lower
Court with directions to make a decree in conformity with its opinion
and such a decree has there been entered, a bill of review upon the
ground of material evidence discovered since the passage of the de-
cree, may be filed upon leave granted by the lower Court.

The executor of a married woman filed a bill against her husband alleg-
ing that he had received from her certain sums of money, which he had
promised to invest for her, so that it should become part of her estate
upon his death.   The defendant alleged that the money had been given
him as an absolute gift.   It was adjudged upon appeal that the money
belonged to the estate of the wife and a decree was made accordingly.
After the death of the husband, his executor petitioned for leave to file
a bill of review on the ground of newly discovered evidence, showing
the exact investment made by the husband of the money received by
him from his wife, and asked that this investment be restored to the
estate of the married woman, instead of a decree for the payment of a
sum of money.   *Held*, that leave to file the bill of review was properly
refused, since the facts relied on were known by the husband, and his
failure to remember them does not entitle his executor to treat them
now as newly discovered evidence, and thus enable him to set up a dif-
ferent defense from that made by the husband and to discharge a money
decree by surrender of securities held in his own name, and which have
declined in value since his purchase of them.

*Quaere*.   Whether an appeal lies from an order refusing leave to file a bill
of review.

Appeal from the Circuit Court for Howard County (JONES,
C. J.)

The cause was argued before MCSHERRY, C. J., PAGE,
BOYD, PEARCE, SCHMUCKER and BURKE, JJ.

*Arthur W. Machen* and *Arthur W. Machen, Jr.*, for the ap-
pellants.

*Bernard Carter* and *Julian J. Alexander*, for the appellee.

PEARCE, J., delivered the opinion of the Court.

This appeal is taken from an order of the Circuit Court for Howard County, as a Court of equity, passed July 25th, 1905, in the case of *John S. Gittings, Executor of Annie M. Winter* v. *The Safe Deposit and Trust Company of Baltimore, and Arthur W. Machen Executors of Henry Winter*, refusing the petition of the said executors of Henry Winter, for leave to file a bill of review to review the decree of said Court, passed in said cause on the first day of July, 1905. This litigation originated in a bill filed in 1903, by John S. Gittings, executor of his mother, Annie M. Winter, against Henry Winter, her surviving husband, alleging that Mrs. Winter in the year 1869, delivered to her said husband certain securities, set out in said bill, belonging to her, and of the value of about $30,000, to be sold by him, and the proceeds to be reinvested as her property, the income thereof to be enjoyed by him during his life, but the *corpus* to revert to her, if living at his death, or in event of her death before him, to go to her personal representatives. The prayer of the bill was that Mr. Winter should be required to return an inventory of the investments thus to be made, and to bring the same into Court to be dealt with as should be decreed, and also for general relief. Mr. Winter answered; admitting that he had received all the securities mentioned in the bill except the eight shares of Northern Central R. R. stock, but he denied that he had ever agreed to hold or reinvest the proceeds in her name or for her benefit, and alleged that she had made him an absolute gift of all the securities delivered, and that he had accordingly sold the same for his own account and invested the proceeds in his own name and for his own benefit, together with other funds of his own, and that he could neither return an inventory of the investments of the proceeds of sale of said securities, nor bring the same into Court. After testimony was taken, and hearing had, the plaintiff's bill was dismissed by the Circuit Court for Howard County. From that decree the plaintiff appealed to this Court, which reversed said decree on April 9th, 1905, and remanded the cause "to the end that

further proceedings should be had in conformity with the opinion of this Court." That opinion sustained the plaintiff's claim, and declared "that as the defendant did not invest the securities in his wife's name so that they could be easily identified, and has failed to say in his testimony in what they were actually invested, and at what price, it is but fair that he should be charged for the currency price in New York when the securities were sold; and this amount should be ascertained as $29,000." Pending these proceedings in this Court, Mr. Winter died, and his executors were made parties to the case before the passage of the decree in this Court.

After the case was remanded to the Circuit Court for Howard County, that Court proceeded to decree "in conformity with the opinion and decree of the Court of Appeals, that the plaintiff recover against the Safe Deposit and Trust Company of Baltimore and Arthur W. Machen, executors of the last will of Henry Winter, deceased, to be paid out of the estate of said deceased the sum of $29,000, the value as ascertained by the said Court, of the securities of the plaintiff's testatrix converted by the said Henry Winter, deceased, in his life time, and adjudged to have been the property of Annie M. Winter, the plaintiff's testatrix."

This decree was passed July 1st, 1905, and on the 6th of July, the executors of Henry Winter filed in the Circuit Court for Howard County a petition for leave to file a bill of review, upon the ground of material evidence newly discovered since the passage of said decree. This petition alleged that Arthur W. Machen, one of the said Winter's executors, in April 1905, being then in San Francisco, received letters testamentary from the proper authority in California to enable him to administer upon certain personal property of Mr. Winter in that State, and there learned that a firm of Parrott & Company, now out of business, had been in 1869 and 1870, the bankers of Mr. Winter, and in charge of the investment of the proceeds of the securities delivered to him by Mrs. Winter; that Mr. Machen obtained access to the books of said firm which had been carefully preserved, and ascertained therefrom that the

proceeds of sale of said securities amounted in gold, to
the sum of $21,027.50 and in currency to $26,310, which
sum, together with the other large sums belonging to Mr.
Winter, he invested in 355 shares of the stock of the San
Francisco Gas Company (now re-organized as the San Francisco
Gas and Electric Company) at a cost of $30,840 in gold all of
which shares constituted a part of his estate at his death, so
that such number of said shares as represented the proceeds
of sale of Mrs. Winter's securities could now be restored to
her estate; and that these particulars were not known to Mr.
Winter at the time of the filing of the bill of complaint of Mrs.
Winter's exexutor, nor afterwards in the life time of Mr. Win-
ter, nor discoverable by him by the use of any means in his
power, in his then invalid and infirm condition of health.    It
also appeared from said petition that while this stock was
purchased at about $80 per share, its market value at the
time of the discovery of these facts had declined to $57 or $58
per share.

· Mrs. Winter's executor answered this petition denying that
the facts alleged therein were material to the issues raised and
decided in the case, and alleging that even if material, they
were obtainable before the passage of the decree of July 1st,
1905, by the exercise of reasonable diligence on the part of
Mr. Winter, and the petition was refused by the order of July
25th, now appealed from.

In the argument in this Court it was contended by Mr.
Winter's executor that the Circuit Court for Howard County
had no jurisdiction to grant leave to file a bill of review, to
review a decree of that Court passed in pursuance of a decree
of this Court reversing the former decree of the Circuit Court
for Howard County, and such is the rule in the Federal
Courts as shown by the cases of *Southard* v. *Russell*, 16 How.
547, and *Kingsbury* v. *Buchner*, 134 U. S. 671.

In the former case, it was said, "The better opinion is that
a bill of review will not lie at all for errors of law alleged on
the face of the decree after the judgment of the appellate
Court.   These may be corrected by a direct application to

that Court, which would amend, as a matter of course, any error of the kind that might have occurred in entering the decree. Nor will a bill of review lie in the case of newly discovered evidence after the publication, or decree below, where a decision has taken place on appeal, unless the right is reserved in the decree of the appellate Court, or permission be given on an application to that Court directly for that purpose. This appears to be the practice of the Court of Chancery and House of Lords in England; and we think it founded in principles essential to the proper administration of the law and to a reasonable termination of litigation between the parties to chancery suits. 1 *Vernon*, 416; 2 *Paige*, 45; 1 *McCords Ch.* 22; 1 *Hen. & Munf.* 13; *Mitford's Pleading*, 88; *Cooper's Pl.* 92; *Story's Eq. Pl.* 408; 3 *J. J. Marsh.* 492." That case was decided in 1853, and was approved in *Kingsbury* v. *Buchner, supra*; decided in 1890.

Notwithstanding, however, the respect which is due and always rendered to the decisions of that tribunal we cannot adopt that view after a careful examination of the authorities cited *Southard* v. *Russell.* Some of these are cited in 2 *Daniells Ch. Pr.* p. 1579, to sustain the opposite view. The author there says, "A bill of review, brought upon new matter, may, it seems, be permitted even after the decree has been affirmed by the House of Lords" and refers to *Barbon* v. *Searle*; 1 *Vernon*, 416; *Cooper's Eq. Pl.* 91, 92; *Story's Eq. Pl.* 418, and *Stafford* v. *Bryan*; 2 Paige, 45.

It seems quite clear from the text alone that Mr. Daniell meant the bill should be filed in the Court rendering the original decree, and this is confirmed on reference to the authorities he cites. JUDGE STORY, in sec. 418 of *Eq. Pl.* says, "A bill of review upon new discovered matter has been permitted even after an affirmance of the decree in Parliament," and he cites *Cooper's Eq. Pl.* 92. It cannot be doubted that he refers to the Court of original jurisdiction, since he mentions a case where a demurrer was filed to the bill of review, and the demurrer was overruled and the defendant required to answer, which could not properly be done in the appellate tribunal.

In 3 *Enc. Pl. & Pr.*, 574, it is said, "After a decision has been rendered by an appellate Court, and the cause remanded to the Court below, the latter Court has no authority to entertain a bill of review for error apparent; but when the ground of review is newly discovered evidence the jurisdiction is generally conceded." This work is regarded as high authority and the text is supported by reference to cases from New Jersey, Arkansas, Kentucky, Virginia, West Virginia, Georgia, Illinois, North Carolina and Maryland.

In *Griffin* v. *Griffin*, 4 Hawks, 403, the Court said, "Where a lower Court has passed a decree as directed by the appellate Court, an application for leave to file a bill of review for newly discovered evidence is properly addressed to the lower Court. In *Schaeffer* v. *Wunderle*, 154 Ill. 577, it is said, "The application for leave to file a bill to review a decree affirmed by the Supreme Court must be made to the Court of Chancery where the decree was originally rendered, and not to the Supreme Court."

In *Reynolds* v. *Reynolds*, 88 Va. 152, the Court said, "Where the Court of Errors and Appeals has rendered a decree after hearing on the merits, and the decree has been entered on the minutes in accordance with the views of the Court, and the record has been regularly remitted to the Court below, it has no further jurisdiction of the case, and therefore will not entertain an application for leave to file a bill of review. Such application is to be made to the Court of Chancery."

In *King* v. *Ruckman*, 7 C. E. Green, 551, the Court said, "When the judgment of this Court on appeal has been rendered after a hearing on the merits, and the record has been regularly remitted to the inferior Court, this Court has no further jurisdiction in the case."

In *Putnam* v. *Clark*, 35 N. J. Eq. 145, CHANCELLOR RUNYON said, "*Stafford* v. *Bryan*, 2 Paige, 45, and *Southard* v. *Russell*, 16 Howard, 547, have neither the authority of the books nor of adjudged cases for their support. The Court of Chancery has inherent power, without the consent of the appellate tribunal, to review on the ground of newly discovered

evidence, its decree, though it has been passed upon on appeal, and no principle or practice requires that it shall refrain from doing so until the consent or countenance of the Superior Court shall have been obtained.    These propositions are established by the following citations: *Needler* v. *Kendall*, Cas, Temp. Finch. 468; *Mitfords Pl.*, 88; *Cooper's Pl.*, 92; 2 *Daniells Ch. Pr.*, 1579; *Story's Eq. Pl.*, secs. 408–418; 2 *Hoff Ch. Pr.*, 12; *Tommey* v. *White*, 1 H. L. Cases, 166; *Flower* v. *Lloyd*, L. R. 6 Ch. Div. 297; *Haskell* v. *Raoul*, 1 McCord's Ch. 22; *McCall* v. *Graham*, 1 Hen. & Mun. 13."

The two English cases cited by CHANCELLOR RUNYON put those Courts in accord with the current of American authority. In *Flower* v. *Lloyd*, plaintiff had obtained a judgment which was reversed on appeal, and he applied to have *the appeal reheard with fresh evidence*, but it was held in opinions by SIR GEORGE JESSEL and LORD JUSTICE JAMES that the Court of Appeals had no jurisdiction to rehear the appeal, and the same was held in *Tommey* v. *White*, 1 H. & L. Cases, 166.

In all these cases the strength of the position is that appellate Courts, without original jurisdiction, exhaust their power in affirming the decree of the lower Court, or in reversing it and remanding it for decree in conformity with its opinion, whether with or without further proceedings preliminary to decree.

Moreover our predecessors distinctly decided in *Pinkney* v. *Luckett*, 12 G. & J. 69, that a bill of review for newly discovered evidence will lie in the lower Court after affirmance on appeal, and we know of no principle which would discriminate in this regard between an affirmance and a reversal of the decree of the lower Court.    The reasons upon which that decision rest commend themselves to us as sound, and we must adhere to its authority notwithstanding our deference to the views of the Supreme Court of the United States.

No question was made at the argument or in the briefs as to the right of appeal from an order refusing leave to file a bill of review; but as it seems to be settled that the granting or refusing such leave is left to the sound discretion of the Court,

the question suggests itself. In *Hollingsworth* v. *McDonald*, 2 H. & J. 238, and in *Burch* v. *Scott*, 1 G. & J. 42, it was held that the application is addressed to the discretion of the Court. There appears to be a diversity of view in the adjudged cases as to whether an appeal will lie from an order granting or refusing such leave. In *Ricker* v. *Powell*, 100 U. S. 107, and in *Nickle* v. *Stewart*, 111 U. S. 776, in both of which there was an appeal from an order refusing leave, the order was affirmed, the Court declining to decide that the appeal would lie; but in the former case, MR. CHIEF JUSTICE WAITE said that before a bill of review can be filed, the decree must first be obeyed and performed, and that if it directs the payment of money, it ought to be paid before the bill of review was filed, though it might be afterwards ordered refunded, citing JUDGE STORY's *Equity*, and CHANCELLOR KENT in *Wiser* v. *Blacley*, 2 Johns Ch. 488, as authority, and adding that it is only when the bill is for error of law alone, that it becomes a matter of right and not of discretion. In this case however the execution of an approved appeal bond should be regarded as equivalent to performance of the decree.

Without intending to decide that this appeal will lie, we are of opinion that the Circuit Court exercised a sound discretion in refusing the leave, since the facts set forth in the petition as newly discovered, though unknown to the executors, and to their counsel, were facts which were all known to Mr. Winter in his life time, and his failure to remember them cannot entitle his executors to insist that they were in fact newly discovered. To allow this case to be reviewed upon the facts alleged, would be to make an entire new case, instead of rehearing the old case. Mr. Winter made his defense upon the issue of a gift of the securities in question, to him, and upon that issue the alleged newly discovered evidence is not material. His executors now ask to be allowed to set up a new defense, to enable them to discharge a money decree by the surrender of securities held in his own name, of a less nominal value, and which have since declined in market value about thirty per cent.

In *Schaeffer* v. *Wunderle*, 154 Ill. 577, the true rule is said to be that unless there has been an abuse of the fair discretionary power with which the Circuit Court has been invested in the matter of such application, its decision should not be disturbed.    This rule was adopted in Michigan in *Stockley* v. *Stockley*, 93 Mich. 307 : and in *Craig* v. *Smith*, 100 U. S. 226, the Supreme Court said that JUDGE STORY in *Wood v. Mann*, 2 Sumner, 334, stated the rule none too strongly, when he said "this discretion was to be exercised cautiously and sparingly, and only under circumstances which demonstrate it to be indispensable to the merits and justice of the cause."

> *Order affirmed with costs to the appellee above and below.*