### DAY et al. v. WARD et al.

No. 19851. Opinion Filed March 19, 1929.

Rehearing Denied June 4, 1929.

J. J. Henderson and M. C. Spradling, for plaintiffs in error.

Rainey, Flynn, Green & Anderson, W. A. Chase, and Calvin Jones, for defendants in error.

LESTER, V. C. J. This is an original action in this court brought by the plaintiffs, in which they seek a writ of prohibition for the purpose of preventing thhe defendants from further prosecuting proceedings in the case of Exchange Trust Co. et al. v. J. F. Godfrey et al., said cause being heretofore decided by this court and being reported in 128 Okla. 108, 261 Pac. 197.

By the former opinion of this court, the cause was reversed, with direction to the district court to enter judgment for the plaintiffs in error. The district court, upon receiving the mandate from this court, entered its judgment in accordance with said mandate.

When the judgment of this court was entered in the court below, no objections or exceptions were made or filed thereto. Two days thereafter defendants filed their motion in the district court of Tulsa county asking that court to vacate and set aside said judgment and grant them a new trial upon the merits of the case. This motion was dismissed by Honorable Edwin R. McNeill, district judge; the defendants then moved for an appeal from this order, which was denied. The defendants then prepared a case-made on appeal to this court and asked this court to issue a writ of mandamus to compel said district judge to sign and certify the same to this court. The application for writ of mandamus was denied by this court. Thereafter the defendants filed a petition in the district court and again requested the district court to vacate and set aside the judgment rendered at the direction of this court and grant a new trial on the merits of the case. To this petition the plaintiffs demurred on the ground that the district court had no jurisdiction of the same and the matter had become res judicata, and that the defendants had no capacity to sue. This demurrer was heard by the Honorable John Ladner, one of the district judges of Tulsa county, and was by him sustained.

The defendants then gave notice of appeal from the order sustaining the demurrer, and were allowed 30 days to make and serve case-made, ten days for the suggestion of amendments and the case to be settled on five days' notice, to which the plaintiffs excepted.

The plaintiffs present the following reason why the defendants should be prohibited from further proceedings in said cause:

"1. After the rehearings asked for by the defendants had been denied, the mandate of this court forwarded to the clerk of the district court, and judgment entered therein, under the order of this court, and no exceptions filed to the entering of such judgment, the judgment became final, and was then beyond the power of the district court to vacate the judgments and open the case for new trial upon the merits.

"2. The district court can do nothing except that directed by order of the Supreme Court. If the district court could refuse, at will, to enter a judgment under a mandate of a Supreme Court, or to vacate such judgment after it had been entered, why have a superior court? Such is not the law, never has been, and never will be.

"3. All matters which had been before the court and decided became res adjudicata and the law of the case.

"4. A judgment of an inferior court, entered upon the order and mandate of a superior court, as therein directed, is the judgment of the superior court, and the inferior court is without power or authority to do anything other than as directed by its superior."

Plaintiffs contend that the district court could not entertain a motion for new trial on a judgment which this court directed should be entered by the district court.

Section 810, C. O. S. 1921, provides, in part:

"The district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made."

Plaintiffs contend that the above section has no reference to a judgment entered by the district court under the direction of the Supreme Court.

In the case of Wenborne-Karpen Dryer Company v. Cutler Dry Kiln Company, 21 Fed. Rep. (2nd Series) 692, the court in paragraph 3 of the syllabus said:

"Direction of 'further proceedings' in the mandate of an appellate court, after reversal of a decree for complainant, means only entry of decree conforming to the decision of the appellate court and dismissing the bill, and does not authorize reconsideration of issues decided, or admission of new evidence."

The court in the body of the opinion said:

"In Sibbald v. United States, 12 Pet. 488, 9 L. Ed. 1167, the Supreme Court has established the principle applicable to the duty devolving upon the inferior court to render specific judgment. In that case the learned court said:

" 'No principle is better settled, or of more universal application, than that no court can reverse or annul its own final decrees or judgments, for errors of fact or law after the term in which they have been rendered, unless for clerical mistakes. * * * That no change or modification can be made, which may substantially vary or affect it in any material thing. * * * Whatever was before the court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case, and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; nor give any other or further relief; nor review it upon any matter decided on appeal, for error apparent; nor intermeddle with it, further than to settle so much as has been remanded.'

"This rule was restated by the Supreme Court in Ex parte Union Steamboat Co., 178 U. S. 317, 20 S. Ct. 904, 44 L. Ed. 1084, and again in Re Sanford Fork & Tool Company, 160 U. S. 255, 16 S. Ct. 291, 40 L. Ed. 414, and in Re Potts, 166 U. S. 263, 17 S. Ct. 520, 41 L. Ed. 994, it was ruled that if a rehearing in a case decided by the Supreme Court, is to be had, it can only be by its discretion. Upon this point it was said:

" 'When the merits of a case have been once decided by this court on appeal, the circuit court has no authority, without express leave of this court, to grant a new trial, a rehearing or a review, or to permit new defenses on the merits to be introduced by amendment of the answer.' "

In the case of Gilliland v. Bilby et al., 53 Okla 309, 156 Pac. 299, this court had the identical question before it, and the court announced the following:

"If the practice of filing a motion for new trial after a case has been reversed, with directions to enter judgment by the Supreme Court, were permitted, there would be no end to litigation. We, therefore, hold that, where a case has been reversed, with directions to enter judgment, and mandate is issued and filed in the trial court, the trial court cannot entertain a motion for new trial upon the ground of newly discovered evidence, and that the trial court is bound by the decree of the Supreme Court, and must carry it into execution according to the mandate."

This court in the last-cited case quoted numerous and well-considered authorities sustaining the rule hereinabove announced.

The defendants have called our attention to three cases from Kansas in which they contend the opposite rule is supported.

In the case of Duffitt & Ramsey v. Robert Crozier, Judge (Kan.) 1 Pac. 69, the syllabus thereto announced the rule to be:

"In cases decided by the Supreme Court, brought on error, when the facts are found by the trial court, and a mandate is sent to that court directing it to render judgment upon the findings for the defendant below, the case is not to be retried by the district court upon the old facts, nor upon the facts which ought to have been, and might have been, presented on the trial; nor is the court below, after receiving the mandate, authorized to make additional findings, upon the evidence originally offered, to aid or cure the judgment pronounced erroneous by the Supreme Court and ordered to be reversed."

In the case of State v. Board of Commissioners of Scott County (Kan.) 59 Pac. 1055, it seems that the character of the judgment entered by the Supreme Court was such that it left the judgment open to further proceedings on remand, for in that case the court said:

"If the findings had been in consonance with the testimony, we would have directed judgment in favor of the state, but, the findings being set aside because they were contrary to the evidence, the case was not in a condition to direct judgment; and for that reason the general remand was made, leaving the parties to determine whether, upon the views expressed by the court, there was any occasion for further litigation."

In the case of Hargis et al. v. Robinson et al. (Kan.) 79 Pac. 119, the court there said in paragraph 1 of the syllabus:

"After the reversal of a judgment in an equitable proceeding, the Supreme Court ordered the restitution of the fund which was the subject of the controversy to the prevailing party. When the order of restitution went down, the district court permitted one not a party to intervene and show that the prevailing party had transferred a portion of the fund during the progress of the litigation, that the intervener was now entitled to

such portion, and thereupon ordered the payment of the same to him. Held, not error."

We do not think that the cases cited by the defendants are sufficient to cause this court to set aside the rule heretofore announced by this court in the case of Gilliland v. Bilby, supra.

The next proposition submitted is whether prohibition is a proper remedy.

This court in the case of State ex rel. Haskell, Governor, v. Huston, Judge of the 11th Judicial District, et al., 21 Okla. 782, 97 Pac. 982, said:

"Prohibition is the proper remedy, where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it."

In the case of Kincannon et al. v. Pugh, 114 Okla. 90, 243 Pac. 945, the court in the syllabus said:

"Prohibition is the proper remedy where an inferior court is attempting to make an excessive and unauthorized application of judicial force in a case otherwise properly cognizable before it, or where the lack of jurisdiction is apparent on the face of the proceedings."

We think the facts in the instant case justify the issuance of the writ, and it is, therefore, ordered and decreed that a writ of prohibition be issued against the defendants herein.

CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

HUNT and RILEY, JJ., not participating.

Note.—See under (2) 22 R. C. L. p. 19; 3 R. C. L. Supp. p. 1230; 4 R. C. L. Supp. p. 1451: 5 R. C. L. Supp. p. 1191. See "Appeal and Error," 4 C. J. §3273, p. 1224, n. 98. "Prohibition," 32 Cyc. p. 604, n. 32.