In the Matter of Missouri-Kansas Pipe Line Company, a Corporation in Receivership.

*Supreme Court, Nov. 5, 1939.*

LAYTON, C. J., and RICHARDS, RODNEY, SPEAKMAN, and TERRY, JJ., sitting.

*James R. Morford,* of Wilmington, for petitioner Missouri-Kansas Pipe Line Co.

*Caleb S. Layton* and *Robert H. Richards, Jr.,* both of Wilmington, for Dupuy G. Warrick.

Supreme Court, October Term, 1939.

LAYTON, Chief Justice, delivering the opinion of the court:

The sole question for decision, whatever may be the merits of the application, is whether the petition for leave to file a bill of review on the ground of after discovered evidence was properly addressed to this court.

The chief authorities in support of the rule that, after affirmance of decree in an appellate court, a bill of review can be sought only in that court, are cases in the Supreme Court of the United States and other federal courts. See collection of cases in 21 *C. J.* 737, *note*. This rule is based on the reasoning that the decree sought to be interfered with is the decree of the appellate court entered by the court below upon the mandate directed to it, a decree which, primarily, is not a decree of the trial court. *Southard, et al., v. Russell,* 16 *How.* 547, 14 *L. Ed.* 1052.

Contrari-wise a majority, perhaps, of the state jurisdictions hold to the view that the trial court may grant leave to file a bill of review on the ground of newly discovered evidence, without obtaining permission of the appellate court which has decided the original case on appeal. *Safe Deposit & Trust Co. v. Gittings*, 102 *Md.* 456, 62 *A.* 1030, 4 *L. R. A.* (*N. S.*) 865, 5 *Ann. Cas.* 941, is, perhaps, the leading case among the state decisions in support of the contrary rule; and annotations to this case appearing in 4 *L. R. A.* (*N. S.*) 865, and 5 *Ann. Cas.* 944, cite many authorities sustaining its conclusion.

*Southard v. Russell, supra,* may be considered as conclusive of the question in federal practice; and is entitled to the greatest respect. But, as was pointed out in *Putnam v. Clark,* 35 *N. J. Eq.* 145, it has neither the authority of the books nor of adjudged cases for its support.

There are sufficient reasons for holding that the application for leave to file a bill of review on the ground of newly discovered evidence need not be made to this court, even though, on appeal, it has rendered a decision in the original case. A bill of review sought on the ground of newly discovered evidence is in the nature of an original bill and may be properly entertained only by the trial court. From this it follows that, notwithstanding affirmance of a decree by this court, there is no encroachment upon its jurisdiction, for the function of this court is to correct errors in the decree below, and a bill of review does not seek a review of matters determined. Furthermore, this court, being without original jurisdiction in the premises, has exhausted its power in affirming the decree of the lower court. It may also be said that to entertain the petition long after the term of the decree of this court, and at a time when its appelate jurisdiction had ceased,. would but lead to. delay and confusion. See *Omaha Electric Light & Power Co. v. Omaha,* (8 *Cir.*) 216 *F.* 848.

The prayer of the petition is denied.