103 P.2d 115

**STATE ex rel. BRADY v. FRENGER, Judge.**

**No. 4542.**

Supreme Court of New Mexico.

May 27, 1940.

J. C. Gilbert, of Hot Springs, and Kiker & Sanchez and Anthony J. Albert, all of Santa Fe, for petitioner.

H. B. Hamilton, of Santa Rosa, for respondent.

BICKLEY, Chief Justice.

This original action was instituted to restrain and prohibit the Honorable Numa C. Frenger, Judge of the Third Judicial District, from proceeding in a certain civil action pending in said court, otherwise then as may be necessary and proper to enforce a decree entered pursuant to a mandate of this court. The case is before us at this time on the question of whether the alternative writ of prohibition duly issued herein should be made permanent.

There was pending in the district court of Lincoln County a certain cause entitled De Gutierrez v. Brady, No. 4433, on the civil docket of that court, in which a decree was entered for the defendant in his cross action to quiet a tax title to certain real estate. The cause was appealed to this court and the decree affirmed ( De Gutierrez v. Brady, 43 N.M. 197, 88 P.2d 281) and a mandate duly issued, upon which a decree was entered on the 19th day of May, 1939.

Thereafter (date not given) the plaintiff (respondent here) filed a motion in the district court "to set aside, vacate, and hold for naught the judgment rendered in the above styled and numbered cause," upon the ground that she had duly paid to the county treasurer of Lincoln County the taxes for which her land was sold; and the tax sale certificate issued and defendant's (relator's) tax deed are void. She alleged certain reasons why she had failed to procure this evidence at the original trial of the case.

We are concerned here only with the question of jurisdiction, which may be stated as follows: Has the district court jurisdiction to act on a motion (in effect a bill of review based upon newly discovered evidence) to set aside a decree of the district court, duly entered as required by a mandate of this court, issued after the cause was affirmed on appeal?

The "Ordinances in Chancery" of Lord Bacon stated the rule regulating bills of review, as follows: "No decree shall be reversed, altered or explained, being once under the great seal, but upon bill of re-

view; and no bill of review shall be admitted, except it contain either error in law, appearing in the body of the decree without farther examination of matters of fact, or some new matter which hath arisen in time after the decree, and not any new proof which might have been used when the decree was made; nevertheless upon new proof that is come to light after the decree made, and could not possibly have been used at the time when the decree passed, a bill of review may be grounded by the special license of the court, and not otherwise." Spedding, Ellis & Heath's ed. of Bacon's Work, Vol. 15, p. 351.

■■ We have recently had occasion to hold that a proceeding by bill of review, to correct error apparent upon the face of the record, was proper (De Baca v. Sais, 44 N.M. 105, 99 P.2d 106); and we perceive no reason why it is not the correct remedy to secure a review of a decree on the ground of evidence discovered too late to be available at the original hearing, or on a motion for a new trial; provided, of course, that the strict rules governing this procedure would otherwise authorize it. The district courts of this state have complete and full jurisdiction in all equity cases, including all equity procedure not changed by statute, and the statutory proceeding for a new trial is not a substitute for bills of review. San Joaquin & Kings, Etc., Co. v. Stevinson, 175 Cal. 607, 166 P. 338; 7 Bancroft Code Prac. & Remedies, Sec. 6186.

■■ It is essential to relief through proceedings by a bill of review that the evidence should have been discovered after the rendition of the original decree, and after the expiration of the time provided by statute for the remedy by motion for a new trial; that the evidence could not have been discovered before by the exercise of reasonable diligence; that it is of such a character that it ought to produce a different result on the merits of the case; that it is not merely cumulative of the testimony introduced at the trial.

■■ Ordinarily an application must be made for permission to file a bill of review, which must be by verified petition, setting out the facts authorizing the filing of the bill, 19 A. J. "Equity" Secs. 440, 441, and which must be acted upon favorably by the court before such bill can be filed; although it seems the application may be waived by defensively pleading thereto. Jerome v. McCarter, 94 U.S. 734, 24 L.Ed. 136. The remedy is not one of absolute right, but of sound discretion of the trial court. Hopkins v. Hebard, 235 U.S. 287, 35 S. Ct. 26, 59 L.Ed. 232.

That the remedy, if properly exercised, would have been open to the respondent in the absence of an appeal, we have no doubt. Brewer v. Bowman, 3 J.J.Mars., Ky., 492, 20 Am.Dec. 158, and note beginning at p. 160; Watkinson v. Watkinson, 68 N.J.Eq. 632, 60 A. 931, 69 L.R.A. 397, 6 Ann.Cas. 326 and note p. 332; Novelty Tufting Machine Co. v. Buser, 6 Cir., 158 F. 83, 14 Ann.Cas. 192; Elzas v. Elzas, 183 Ill. 132, 55 N.E. 673; Safe Deposit & Trust Co. v. Gittings, 102 Md. 456, 62 A. 1030, 4 L.R.

A.,N.S., 865, 5 Ann.Cas. 941; and see annotations in 76 L.Ed. p. 480; 19 A.J. "Equity" Sec. 423 et seq.; Hardwick v. American Can Co., 115 Tenn. 393, 89 S. W. 735, 1 L.R.A.,N.S., 1029.

■ There seems to be no material dissension among the authorities on this question, but a more serious one is whether the right to file a bill of review exists after a decision of an appellate court and a decree has been entered in the trial court upon its mandate. We think both reason and the great weight of authority support the right to file such bill. 19 A.J. "Equity" Sec. 426; Safe Deposit & Trust Co. v. Gittings, supra. It is held by the Federal courts, however, that after a decree has been entered on a mandate, that permission must be obtained from the appellate court to file the bill in the trial court, upon the theory that the decree is that of the appellate court.

In Southard v. Russell, 16 How. 547, 571, 14 L.Ed. 1052, it is said, "This appears to be the practice of the Court of Chancery and House of Lords, in England, and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between parties in chancery suits." In commenting upon this statement of the United States Supreme Court, the Court of Appeals of Maryland, in Safe Deposit & Trust Co. v. Gittings, supra, said [102 Md. 456, 62 A. 1032, 4 L.R.A.,N.S., 865, 5 Ann.Cas. 941]: "Notwithstanding, however, the respect which is due and always rendered to the decisions of that tribunal, we cannot adopt that view after a careful examination of the authorities cited Southard v. Russell. Some of these are cited in 2 Daniell's Ch. Pr. p. 1579, to sustain the opposite view. The author there says: 'A bill of review, brought upon new matter, may, it seems, be permitted, even after the decree has been affirmed by the House of Lords'—and refers to Barbon v. Searle, 1 Vernon, 416; Cooper's Eq. Pl. 91, 92; Story's Eq. Pl. 418; and Stafford v. Bryan, 2 Paige [N.Y.] 45."

And after a review of many authorities, representing a majority view, stated: "No question was made at the argument or in the briefs as to the right of appeal from an order refusing leave to file a bill of review, but, as it seems to be settled that the granting or refusing of such leave is left to the sound discretion of the court, the question suggests itself."

Certainly if an action had been brought to set aside or cancel the decree upon the ground of fraud, accident, or mistake, the consent of the Supreme Court would not be necessary to the exercise of jurisdiction, nor do we think it necessary in the case of a proceeding by bill of review, which is itself in the nature of a direct action.

In Laidley v. Merrifield, 7 Leigh, Va., 346, it is said: "A bill of review, strictly speaking, is a proceeding to correct a final decree, in the same court, for error apparent on the face of the decree, or on account of new evidence discovered since

the final decree. The decree being final, the bill of review is not regarded as a part of the cause in which the decree was rendered, but as a new suit having for its object the correction of the decree in the former suit."

The relator cites Day v. Ward, 137 Okl. 62, 277 P. 935, as supporting his contention that the trial court had' no jurisdiction to hear a motion for a new trial after the entry of a decree on the mandate from the Supreme Court. This is true with respect to an ordinary motion for a new trial, but not regarding a bill of review. If the Oklahoma court intended to hold that, in the absence of a statute to the contrary, a trial court with full jurisdiction in all equity cases has no authority to consider a bill of review, then we are not in agreement with that court. Aside from the Day case and another Oklahoma case, none are cited that merit special consideration.

The relator has cited numerous cases supporting the proposition that the trial court must enter a decree conforming exactly with the mandate of the Supreme Court, a proposition that is not questioned by us, or by the respondent. It is not in this case.

We are here concerned only with the question of jurisdiction. While the document entitled "A Motion" conforms generally to a bill of review, we do not pass upon its sufficiency or the diligence with which respondent acted in securing the evidence, or any question other than that of the jurisdiction of the trial court to entertain a bill of review after the entry of the decree conforming to the mandate of this court. All such questions and that of the propriety of considering the bill at all, are, in the first instance, to be answered by the trial court.

The alternative writ will be quashed and the proceeding dismissed at relator's cost.

It is so ordered.

BRICE, ZINN, SADLER, and MABRY, JJ., concur.