**119 P.2d 631**

BROWN et al. v. MITCHELL et al.

No. 4630.

Supreme Court of New Mexico.

Nov. 21, 1941.

Frazier & Quantius, of Roswell, for plaintiffs in error.

John E. Hall, of Carrizozo, for defendants in error.

ZINN, Justice.

Plaintiffs in error sought permission of the District Court of Lincoln County to file a bill of review in the case theretofore litigated between them and James E. Brown, one of the defendants in error. Brown v. Mitchell, 45 N.M. 71, 109 P.2d 788. Permission being denied, the plaintiffs in error seek a review by this court.

The application for permission to file a bill of review was based on the theory that the plaintiff in error had some newly discovered evidence affecting the main case.

The trial court's refusal to grant the permission requested is a matter left to its sound discretion. No abuse being shown, its ruling will not be disturbed. We have heretofore said that the granting or refusal of leave to file a bill of review is not a matter of absolute right but of sound discretion of the trial court. This is the established law in this State. State ex rel. Brady v. Frenger, Judge, 44 N.M. 386, 103 P.2d 115, 116.

In the Brady case, supra, we said: "It is essential to relief through proceedings by a bill of review that the evidence should have been discovered after the rendition of the original decree, and after the expiration of the time provided by statute for the remedy by motion for a new trial; that the evidence could not have been discovered before by the exercise of reasonable diligence; that it is of such a character that it ought to produce a different result on the merits of the case; that it is not merely cumulative of the testimony introduced at the trial."

As we see it, the application for permission to file a bill of review was heard and considered by the same trial judge who sat in the original case. He con-

sidered the matters set out in the application and denied the same. It was in his sound discretion to allow the application or refuse it. He was better circumstanced to determine whether or not the newly discovered evidence was of such character as would likely change the decision, and at the invitation of the petitioner examined records not before us. Furthermore, no showing is made that the petitioner, by due diligence could not, prior to the former trial, have discovered evidence of the same fact, to-wit, breach of the grazing agreement with Red Canyon Sheep Co., that he now proposes to show by the pleadings in the later case. Under these circumstances we cannot say that the trial judge abused his discretion.

The question is raised as to whether a bill of review is applicable to judgments entered in actions at law. In view of the conclusion we have reached, however, we leave the question undecided.

The defendants in error contend that this appeal is frivolous and therefore request damages under Rule XXII, paragraph 3. We must rule against such contention. We cannot say that the plaintiffs in error did not act in good faith.

For the reasons given the judgment of the trial court in denying the application will be sustained with costs in favor of the defendants in error, and.

It is so ordered.

BRICE, C. J., and SADLER, MABRY, and BICKLEY, JJ., concur.