HARRY E. GREEN *vs.* WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Administrator of SAMUEL D. FORBES, deceased.

1. EXECUTORS AND ADMINISTRATORS—LOAN TO DECEDENT—SUFFICIENCY OF EVIDENCE.

Evidence, in an action against an administrator for a loan to decedent, *held* not sufficient to take to the jury the fact of the loan.

2. WITNESSES—TRANSACTION WITH DECEDENT—STATUTE.

Under *Rev. Code* 1852, amended to 1893, *p.* 798 (16 *Del. Laws, c.* 537), providing that in an action by or against an administrator neither party shall be allowed to testify against the other as to any transaction with or statement by decedent, evidence, in such an action for a loan to decedent, that plaintiff had stated to the administrator that a certain writing evidenced a loan to decedent, was inadmissible.

3. NEW TRIAL—GROUNDS—SURPRISE—TESTIMONY OF WITNESS.

A ground of motion for a new trial, because plaintiff was surprised at the testimony of one of his own witnesses on a certain point, is not good, as the witness' testimony had already been given, and it would not help plaintiff for her testimony to be given again.

4. NEW TRIAL—GROUNDS—EVIDENCE—EFFECT AS TO RESULT.

A ground of motion for new trial by plaintiff, in an action against an administrator for money loaned to a decedent, because plaintiff was surprised that certain letters, in the possession of his counsel, from decedent to plaintiff, were not introduced in evidence, is not good, where the letters, if introduced, would not likely produce a different result.

5. NEW TRIAL—GROUNDS—SURPRISE.

If plaintiff believed letters in the possession of his counsel important in establishing his case, it was his duty to call his counsel's attention to them, and, not having done so, he cannot make the failure of his counsel to put them in evidence a ground for new trial.

6. NEW TRIAL—GROUNDS—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

A ground of motion for new trial, in an action against an administrator for money loaned to decedent, that since the trial plaintiff has learned that a person named had stated to plaintiff's informant that he heard decedent acknowledge the loan is not good, where plaintiff had some information concerning the witness before the trial, but failed to follow up the clue.

7. NEW TRIAL—AFFIDAVIT AS TO NEWLY DISCOVERED EVIDENCE—REQUISITES.

An application for new trial, which merely avers that the applicant has been informed that a person named had stated that certain admissions had been made by the successful defendant, is insufficient to warrant the grant of a new trial.

(*November* 26, 1912.)

Judges BOYCE and RICE sitting.

*Lilburne Chandler* for plaintiff.

*Herbert H. Ward*, appearing for *Ward, Gray and Neary*, for the defendant.

Superior Court, New Castle County, November Term, 1912.

See Motion for Judgment at first term, 2 *Boyce* 585, 83 *Atl.* 935.

This was an action of assumpsit, being No. 70, to the May Term, 1912, to recover the sum of one thousand dollars, alleged to have been loaned by the plaintiff to Samuel D. Forbes, deceased, in his lifetime. The declaration contained two special counts, and the common counts.

The following paper writing in support of the alleged loan under the special counts was admitted in evidence provisionally subject to be stricken out on motion of the defendant:

"December 1st, 1903. Received of Harry E. Green at different times up to this date, one thousand dollars to be used in developing of the Paint and Clay Business near Fleetwood, Penn. S. D. Forbes—$1,000."

*Elizabeth Hobbs*, a witness for the plaintiff, testified that she had lived in the house of the decedent as housekeeper and nurse for seven or eight years, beginning 1899, and was somewhat acquainted with the business affairs of the deceased; that Mr. Green, the plaintiff, called to see Mr. Forbes during the years 1903 and 1904; that after one of these visits Mr. Forbes said to Mrs. Hartman, his business manager, that "he expected Mr. Green to have his money." Witness did not know what money was referred to by Forbes.

Upon motion by the defendant her testimony as to the alleged statement made by Forbes was stricken out, as there was nothing in her testimony to connect the said statement with the alleged loan sued for in this action.

The plaintiff detailed conversations he had with one of the vice-presidents and the secretary of the defendant company. His answers being confused and inconsistent, the court examined the witness at length, and following is a summary of his testimony given in response to questions propounded by the court:

"The first time I went to the Wilmington Trust Company to see about my claim, I saw Mr. Townsend, vice-president, who stated that he thought there would be enough money to pay the claim and pay the debts, but he said, 'For further information I will refer you to Mr. Bush, secretary of the company.' Then I was introduced to Mr. Bush, and he stated that there was a note issued in 1904 to Otto Miller, and if that note was defeated there would be sufficient money to pay all claims, but if this note was not defeated there would not be enough money, but he thought probably about half on the dollar. That was all the conversation at that time.

"The next time I went to see him the claim of Otto Miller had been defeated. I could not tell you the date of that visit. Mr. Bush told me the note of Otto Miller had been defeated, and he thought I had a good show, thought I would get paid then, and that there would be enough money left to pay the debts and pay me dollar for dollar. That was the last occasion when I saw him and that was all the conversation we had."

In cross-examination, the plaintiff stated that he told the

secretary of the defendant company that the money paid to the decedent, as evidenced by the receipt above quoted, was a loan. The plaintiff was incompetent, under the statute, to give testimony in relation to any transaction with or statement by the deceased, therefore the court did not regard his statement so made to the secretary as legal evidence of a loan.

At the close of the plaintiff's case, Mr. Ward, of counsel for the defendant, moved for a nonsuit for the following reasons: *First*, that there was an entire lack of evidence upon which to ask for a verdict for the plaintiff. So far as the paper itself is concerned, upon which the action is based, it is inadmissible upon several grounds to establish the claim, although in evidence for what it was worth. It is a paper evidencing a transaction occurring upwards of three years before the testator's death, and under the plea of the statute of limitations it is not admissible in evidence, and therefore not sufficient on which to base a verdict.

Again, the paper itself bears no evidence of an indebtedness at all. It is not a due bill, not an acknowledgment of a debt on the part of the decedent, but indicates generally that a certain sum of money was placed in his hands to be devoted to a certain purpose, which was the development of the paint and clay business near Fleetwood, Pa. The paper stands without any explanation whatsoever. Harry E. Green, in the first place, could not, under objection, testify to any act, fact or transaction happening with the decedent, and he has not, as a matter of fact, given any testimony which the court or this jury can consider relevant to the circumstances surrounding the giving of this piece of paper, or the payment of money to Mr. Forbes. There is nothing in this paper showing an indebtedness of any sort; nothing showing a promise to pay, or that there was anything due or to be due from Samuel D. Forbes to Harry E. Green, but simply the bare fact— assuming it to have all the probative force that it could have— that a certain amount of money was put into Samuel D. Forbes' hands by Harry E. Green.

On the other hand, there is on the face of the paper a clear indication that it is not a debt, that there is no promise, but that it was a payment into the hands of Samuel D. Forbes for the pur-

pose which I have stated. Whether that was a joint undertaking between Mr. Green and Mr. Forbes, and what the circumstances were, do not appear. The paper, being barred by the statute of limitations, could not be considered by the jury, unless there was some evidence showing an acknowledgment since the paper was given, and the only attempt to show such acknowledgment was the testimony of Mrs. Hobbs, which is not now in the case. It was purely immaterial, and did not attempt to establish the making of the alleged loan at all, and her testimony was properly ruled out. The only other attempt to show an assumption since the making of this paper is the conversation between Harry E. Green and Mr. Bush, secretary of the defendant company, as detailed by Green; and that conversation does not amount to any promise on the part of the administrator, and in order to recover the plaintiff would have to prove according to his declaration a promise of that sort. Nothing short of proof of an assumption would be sufficient to sustain the declaration, and the conversation proved as taking place between Mr. Bush and Mr. Green does not go that far.

While the admission of a subsisting debt would be sufficient to take it out of the statute, I submit that there is no evidence of such an admission, because the extent to which the testimony of Mr. Green goes as to the conversations with Mr. Bush is that it amounted to nothing more than a statement that there was an uncertainty at one time and a reasonable certainty at another time that there would be funds to pay the debts against the estate, including this claim; and that does not amount to the admission of this claim as a subsisting demand which would be paid. The testimony is not sufficient to sustain a clear admission, or an assumption of a subsisting debt that would be paid, so as to remove the bar of the statute of limitations.

*Mr. Chandler:*—We do not claim that this paper is a due bill, or an acknowledgment upon the part of Mr. Forbes of a subsisting demand; but it is evidence that shows that Forbes got this money from the plaintiff, and this paper was drawn up and signed, and the debtor by it admits that he did receive this one thousand dollars. So far as this case goes, there is not any evi-

dence to show that this money was loaned in the shape of a note, or a check, but it does appear that this defendant did receive one thousand dollars, and the receipt is so signed. As a matter of fact, there is nothing in this paper writing which shows that Harry Green was putting one thousand dollars in the Fleetwood paint and clay business; and there is nothing in the paper to show that it was an investment upon the part of Harry Green. If it had been an investment Forbes certainly would have written the receipt in such a way as to show that fact. I admit that there is nothing on the paper writing to show this to be an existing debt or an admission or promise upon the part of Mr. Forbes to pay this money, yet I think we have sufficiently explained it by other testimony showing that it has reference to money loaned to Mr. Forbes by the plaintiff in this case.

RICE, J., delivering the opinion of the court:

The court gave some consideration to this matter at the noon recess, anticipating the probability of the motion now made. The plaintiff contends the writing introduced to be sufficient evidence of a loan by the plaintiff to the decedent and further that there is other evidence in the case, explanatory of the circumstances surrounding the giving of the paper, sufficient to remove any doubt as to the paper representing a loan, and therefore the motion should not prevail.

[1, 2]   After considering the evidence in the case as we remember it to be, it seems to us that there is no legal evidence here of a nature that we can consider as explaining the circumstances surrounding the giving of the paper writing to establish the fact that it did represent a loan. It is true that the plaintiff has testified concerning his conversation with an officer of the trust company, in which he stated that the paper represented a loan to Mr. Forbes, but that statement cannot be considered as evidence of the loan, being contrary to the terms of the statute which provides that in actions by or against administrators, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator or intestate. *Revised Code* 1893, *page* 798.

The question at this point appears to be if the court submitted the case to the jury for their consideration and decision, whether they would be justified in finding, from the written instrument alone, that it represented a loan by the plaintiff to the deceased.

We are of the opinion that such a verdict by the jury would not be justified in this case by the evidence, and we believe that it would be as reasonable to find that the paper represented a receipt for money to be used in a joint undertaking between the two parties, and a verdict found in favor of the plaintiff would be mere speculation on the part of the jury that it was a memorandum of a loan.

There is not sufficient evidence to submit the case to the jury for their determination and while the court is always reluctant to do so, yet we are constrained, under the circumstances, to grant a nonsuit in the present case.

*Mr. Chandler:*—I decline to take a nonsuit.

*Mr. Ward:*—I move that the court give binding instructions to the jury to return a verdict for the defendant.

Rice, J., charging the jury:

Gentlemen of the jury:—For the reasons we have assigned in granting the nonsuit, we direct you to find a verdict for the defendant.

                              Verdict for the defendant.

The plaintiff, at the same term, moved for a new trial and in arrest of judgment, and assigned the following reasons therefor:

(1)  That the verdict was against the law; and (2) that the verdict was against the evidence.

Accompanying the reasons was an affidavit of the plaintiff, alleging:

*First.*  That he was taken by surprise by the testimony of Mrs. Elizabeth Hobbs, who upon the witness stand testified that her knowledge of the money lent by plaintiff to defendant's intestate was gained from plaintiff; while it is a fact that said witness on Monday next before the trial informed plaintiff in the presence

of his attorney, Mr. Chandler, that in July, A. D. 1906, she heard Samuel D. Forbes aforesaid say: "I owe Green (the plaintiff) one thousand dollars and I will pay him every cent of it, I am an honest man and will pay every cent I owe."

*Second.* That since the trial of the above cause your plaintiff has discovered that one George W. Stevenson, living near Reading, State of Pennsylvania, has stated to plaintiff's informant, that said Samuel D. Forbes, in the spring of A. D. 1904, told him that he had borrowed one thousand dollars from your plaintiff and intended to use it in buying machinery for the "Fleetwood operations", and your plaintiff verily believes that he can produce said witness to so testify at the next term of this court, should your plaintiff be permitted a new trial of this cause, and your plaintiff further says that he will make every effort to secure said Stevenson, whose whereabouts he could not ascertain until November twenty-sixth inst. and plaintiff believes he will so testify.

*Third.* That your plaintiff was surprised that certain letters of said Samuel D. Forbes to your plaintiff were not offered in evidence by his attorney, Mr. Chandler, but has learned since the trial that his attorney mislaid said letters and forgot all about them, and your plaintiff verily believes that it would produce a different verdict, should these letters be produced to the court and jury, and should a new trial be granted; and your plaintiff attaches hereto the aforesaid letters.

*Mr. Chandler*, in support of his motion for a new trial, relied upon the case of *Fitzgibbons v. Kinney, 3 Harr. 74. Mr. Ward*, for defendant, in opposing the motions, urged that the affidavit filed did not support the reasons alleged in the motions for a new trial and in arrest of judgment, which reasons had practically been abandoned by counsel for plaintiff in his argument. That if Mrs. Hobbs should be recalled, she could not alter her testimony, and no reasons for a new trial could be based upon the proposition that Mrs. Hobbs having sworn one way upon the trial would very likely swear another way on a retrial.

As to the second allegation in the affidavit, that since the trial plaintiff has ascertained that there was such a person as George W. Stevenson, who would, if produced upon the stand, testify

that he heard Mr. Forbes make certain statements, Stevenson was not a man unknown to this plaintiff. The letters written by Mr. Forbes and Mrs. Hartman to Mr. Green, when Mr. Green was in Fleetwood, mention Stevenson as a man familiar with Mr. Green, and the learned counsel for the plaintiff had these letters in his possession, even though he failed to use them at the trial. But does the affidavit set out a condition of things that would come within the rule of the court as to granting a new trial on the ground of after-discovered testimony?

*McCrone's Adm'r v. Eves*, 3 *Houst.* 76, which I understand has been consistently followed by the court, holds that it is incumbent upon a person who asks for a new trial upon such ground, to satisfy the court, first, that the evidence has come to his knowledge since the trial, and, second, that it was not owing to the want of due diligence that he did not learn of it before the trial, and in the next place that it would probably produce a different verdict if a new trial should be granted. It does not appear by this affidavit with any certainty to this court that Stevenson knows anything like what is averred in this affidavit, or that he would testify to it if he were produced in court. All that is averred is that somebody told somebody else who told Green. It is third-handed hearsay. There is therefore nothing before the court that would constitute a basis of a reasonable judgment that he would testify to what is alleged in the affidavit, if he were here.

Again, the name of Stevenson is mentioned in these letters, which my learned friend has produced as part of his affidavit, as a man familiar with the situation at Fleetwood, and naturally as Mr. Green was up there he would know before going to the trial that Stevenson knew about the case; at least the affidavit implies that these letters were in his possession. Therefore there has been no reasonable effort on the part of plaintiff's counsel before the trial to find out what Stevenson knew. If there is anything demonstrated upon the face of these letters, it is that this was not a loan or at least it appears that so far as these letters have any bearing upon the question as to whether it was a loan, there is an indication that Mr. Green was an investor in the Fleetwood proposition.

This paper says: "December 1st, 1903.  Received of Harry E. Green at different times up to this date, one thousand dollars to be used in developing of the Paint and Clay Business near Fleetwood, Penn.," etc.  On the face of that paper there is not only no evidence of a loan, but so far as it means anything it means that Mr. Green invested that sum of money in that business, because this is not an acknowledgment of an indebtedness, but simply a receipt for money, which, so far as the paper itself shows, was an investment on the part of Mr. Green.  Certainly these letters can have no bearing upon the question of repayment of, or of any obligation to pay, this money.

RICE, J., delivering the opinion of the court:

[3]  Counsel for the plaintiff in his argument of the reasons filed in support of the motion for a new trial, has practically abandoned the two general reasons and relies upon the affidavit filed by his client.  The first reason as given in the affidavit is the fact that Mrs. Hobbs' testimony was different from what plaintiff's counsel had expected it would be.  Our recollection however, is quite clear on the point that the witness, Mrs. Hobbs, testified both in her direct examination (which by leave of the court was conducted upon the point as a cross examination) and in her cross examination by Mr. Ward, that the information regarding the loan of money to Mr. Forbes by Mr. Green was received from Mr. Green.  So that we feel that her testimony is to a certain effect in this case, and that it would not help the plaintiff in any way if at this time, her testimony should be given again, because she has already given her testimony fully on the point to which reference is made in the affidavit.

[4, 5]  The next question is concerning the letters.  From an examination of the letters, it seems to the court that they are more consistent with the theory of what might be called a scheme or joint undertaking between the plaintiff and the deceased Forbes, than they are with the theory of a loan as contended by the plaintiff.  At all events the letters were in the possession of the plaintiff's counsel, and as he was from time to time during the trial in consultation with his counsel, if he believed the letters to

Motion Denied.

be important in establishing his case it was his duty at that time to call his counsel's attention to them.

[6, 7] In respect to Mr. Stevenson, whose name is mentioned in the letters, which were in the possession of counsel, the plaintiff cannot deny that he had some information concerning Mr. Stevenson and under the circumstances it was a burden on him to know if Stevenson could give testimony helpful to him in establishing his case, besides from the affidavit it does not appear that if Stevenson was produced as a witness that his testimony would be such as the plaintiff claims.

We feel that substantial justice was done in this case upon the evidence submitted, and from such letters as have been presented since that time, and we are firmly of the opinion that from anything alleged in the affidavit or from the special reasons filed, that there is nothing upon which the court could base the granting of a new trial. We therefore must refuse the application and deny the motion.