[1] A preliminary matter needs first to be noticed. The petitioner makes mention in its petition of the point that the final decree was not served upon it as required by Rule 107 of this court. That rule is as follows:
"Rule 107. A copy of any order, rule or decree made by the Chancellor upon a party not appearing in the cause by a solicitor, shall be served on such party by the Sheriff, unless otherwise ordered by the Chancellor, and the order, rule or decree shall take effect only from the time of such service."
What is meant to be made of that point is not disclosed on the petitioner's brief. Certainly failure to serve the petitioner with a copy of the decree cannot have the effect of rendering the validity of the decree open to attack. At most such failure can have the effect of questioning only the manner of the decree's execution through the instrumentality of the master whom the court appointed to make the assignment which the decree called for. But it cannot, in my judgment, have even that effect, for it is to be observed that service of the copy under Rule 107 is required "unless otherwise ordered by the Chancellor." An ordering "otherwise" by the Chancellor was necessarily inherent in his direction that the decree be executed through a master.
Having disposed of this preliminary matter, I now turn to the merits of the petition.
[2, 3] The petition asks leave to file a bill of review and a copy of the proposed bill is exhibited to the court.
The proposed bill of review seeks a vacation of the decree obtained by Crites on two grounds. These are (a) on the ground of newly discovered evidence, and (b) on the ground of fraud. A bill which seeks the review of a decree on the ground of newly discovered evidence is strictly a bill of review and can be filed only by leave of the court. Story, Equity Pleading (6th Ed.) §§ 412, 417. So far therefore as the proposed bill seeks the review on the ground designated as (a), the petitioner very properly requests the court for leave to permit its filing. But in so far as the proposed bill seeks to attack the former decree on the ground of fraud in its procurement, it is an original bill in the nature of a bill of review and as such may be filed as a matter of right without leave of the court first had and obtained. Story, Equity Pleading (6th Ed.) § 426. The petition therefore, so far as the proposed bill seeks the review on the ground designated as (b), should be dismissed as asking a leave which the court should not be requested to extend.
Should the bill of review be allowed to be filed on the ground of newly discovered evidence? Before giving an answer to this question, the statement of facts preceding this opinion should be supplemented.
It appears from the evidence before me that Crites did not assign his patents, etc., promptly upon entering into the agreement of March 12, 1919; neither did the petitioner promptly issue to Crites all of the two hundred and fifty thousand dollars of stock (twenty-five thousand shares) which it agreed to issue as part of the consideration for the patents. It did issue to Crites fourteen thousand two hundred shares. Crites, however, continued to withhold the assignment, apparently awaiting the receipt by him of the balance of ten thousand eight hundred shares which were due him under the contract. On August 12, 1920, Crites filed a bill against the petitioner in the Circuit Court of Cook County, Illinois, in which he sought to compel the petitioner to issue to him the balance of ten thousand eight hundred shares due under the contract, tendering himself ready and willing to perform all of his obligations under the contract. That suit was settled and dismissed in December, 1920. In the settlement Crites received the ten thousand eight hundred shares and made an absolute assignment of the patents, etc., to the petitioner. Immediately following upon the settlement, if not concurrently therewith, Crites entered into a written contract to sell the ten thousand eight hundred shares to N. F. Krieger, who was then the secretary of the petitioner, for thirty thousand dollars. Crites deposited the stock under an escrow agreement with Chicago Title and Trust Company, to be delivered to Krieger when paid for. He deposited also certain other documents in the same escrow. The full purchase price was in course of time duly paid and the stock and other documents delivered to Krieger by the escrow agent. The corporate records are silent upon these transactions.
It is at this point that the so-called new evidence upon which the petitioner relies as ground for a review has its setting. The petitioner says that it can show that the purchase of the stock by Krieger was in its behalf, that it was paid for by its money, and that Crites in addition to selling his stock (which was all that he then owned) agreed as part consideration for the purchase of his stock to surrender to the petitioner all his rights under the original contract of 1919. If such an agreement was made, Crites of course no. longer possessed the right to recapture the patents, etc., for *Page 167 
breach of covenants on the part of the petitioner. His original bill and the decree entered upon it are predicated on the continued existence of the right to recapture under the contract of 1919. Hence, urges the petitioner, the foundation on which the decree rests can be shown by it to have had no existence when the decree was obtained.
Therefore it prays that it may have leave to file a bill of review in order that the evidence it now possesses may be brought forward in impeachment of the decree.
Such is the nature of the case which the proposed bill of review seeks to present. Crites challenges by affidavit the truth of the allegation that he agreed to a surrender of all his rights of recapture in December, 1920. It is of course apparent that Crites' interests in the development of the patents by the petitioner were not terminated by his disposal of all of his stock, for, even considering that he had waived his royalty rights of five per cent. of the gross income as is contended, he yet possessed a right under the 1919 contract to twenty-five per cent. of the net income received from the sale of factory and territorial rights. I point this out because the solicitor for the petitioner appears to take the view that the severance of Crites' relation as a stockholder necessarily terminated all his interest in the development of the patents, and therefore any right, such as the one of recapture, which he possessed as a protection to that interest expired with its termination.
The new evidence is proposed to be directed to the question of whether in December, 1920, Crites surrendered all of his rights of every description.
[4] There are certain principles thoroughly settled to which so-called newly discovered evidence must conform before it will be accepted as sufficient to warrant the review of a decree. Those principles are the same in a general way as are applied by the law courts in disposing of motions for a new trial.
Chief among these principles is the one that the evidence must be newly discovered since the trial. If it was known to the defeated party at the time of the trial or if by the exercise of reasonable diligence he could have known of it, his request to reopen the controversy in order that the evidence be received, will be denied. This is a rule invariably applied to the end that litigation may come to a final rest and controversy definitely terminated.
[5, 6] Now, in the instant case, what is the showing made by the petitioner as to the "newly discovered" quality of the evidence? It is that after the settlement was made in 1920 which, it is said, removed all of Crites' rights, the old officers of the corporation who had knowledge of the terms of settlement severed their connection with the corporation and a completely new lot who were ignorant of the whole affair came in. The old officers were C. B. O'Connor, president, and N. F. Krieger, secretary. These gentlemen were joined as defendants in the Cook County suit out of which the settlement grew. They negotiated it They are the witnesses whom it is now sought to produce to prove it. Certainly the corporation, the present petitioner, through them knew of the facts which it now seeks to prove. Why then has not the petitioner known all along, ever since the settlement was made, what it now says has just recently come to its knowledge? It will not do to say that a corporation's knowledge fluctuates with the shifting of its personnel. A corporation's mind, if we may use such a term, has a constant identity. What it knows to-day through its present officers cannot be regarded as never having been known by it simply because new officers have replaced old ones. What we may call its knowledge is not so mercurial. It continues the same, let the personnel of its officers, directors and stockholders change as often as we may imagine. If the present personnel is ignorant of what the former personnel knew, the situation is simply one where, if we may speak in analogy to individuals, the corporation may be said to have forgotten what it once knew. Looking at the present aspect of the case in that light, it is appropriate to remark that evidence for the purposes of a review or a new trial is not to be regarded as newly discovered when it was only forgotten and has just recently been called back to mind. Johnson v. Offutt, 2 Mac Arthur (9 D.C.) 168; Hodges v. Mullikin, 1 Bland [Md.] 503; Safe Deposit Co. v. Gittings, 102 Md. 456, 62 A. 1030, 4 L.R.A. (N.S.) 865, 5 Ann. Cas. 941; Corbly v. Corbly, 304 Ill. 323, 136 N. E. 801; Drawdy Investment Co. v. Robinson, 96 Fla. 397, 118 So. 157.
I am of the opinion that sufficient circumstances are not shown to permit the attribution to the evidence relied upon as a basis for a review the quality of being newly discovered.
[7,8] The decree was a default decree, obtained after service of the subpoena on the petitioner's registered agent. It is claimed that the registered agent never forwarded notice to the petitioner, and that the petitioner was therefore in ignorance of Crites' suit against it. If that be so the petitioner was exceedingly unfortunate in the selection of its registered agent. The law, however, provides that service upon a corporation's designated agent is sufficient service upon the corporation. It would contribute to the insecurity of judgments and decrees and encourage all sorts of conceivable difficulties in the conduct and conclusion of litigation *Page 168 
against corporate defendants if the courts were to relax from the firmness of view, that service of process upon the agent selected by the corporation to act for it for that purpose must be taken as conveying notice to it of the institution of the suit. Of course a case of fraud might be shown which would warrant the questioning of such service. But no fraud in the service is intimated in the present case. The emphasis which the petitioner lays upon the fact that the decree against it was a default decree, cannot therefore appeal to me as an argument for indulgence in its behalf.
A bill of review will not in any case be allowed to review a consent decree on the ground of new evidence in the absence of fraud or mistake. Thompson v. Maxwell Land Grant R. Co., 95 U. S. 391, 24 L. Ed. 481; Cox v. Lynn, 138 Ill. 195, 29 N. E. 857, and by analogy the Supreme Court of West Virginia in Camden v. Ferreli, 50 W. Va. 119,40 S. E. 368, has held that a default decree is similarly not subject to attack by a bill of review on the ground of newly discovered evidence. This last case emphasizes the view that a default decree, when it comes to the matter of its review on the ground of newly discovered evidence, may in one view of the case, instead of being regarded as lightly subject to a review, be regarded as less so than are decrees obtained after contest. When analyzed, what the petitioner means by referring to newly discovered evidence, is this — that if it had not suffered a default and had appeared and had introduced evidence against Crites' claim, it would not have known of the evidence it now has, and so, if the decree had gone against it, the evidence now offered would be new evidence. The petitioner is not seeking to add new evidence to a case which it unsuccessfully attempted to establish; it is seeking by way of review to make, so far as it is concerned, an original trial of the issues.
[9] But I am far from satisfied that, if the petitioner had contested the bill against it, it could not have obtained the evidence which it now says has just recently come into its possession. A simple inquiry addressed to either O'Connor or Krieger, the former officers, would have uncovered it, as it eventually did. If such, inquiry had not been made, I do not see how the petitioner could escape being taxed with negligence, in which event of course leave to file a bill of review would be denied it. Not having appeared and contested the bill, I am of the opinion that the so-called new evidence cannot be of greater avail to it than it would have been had the contest been made.
The new evidence which is relied upon rests in parol. All the documents which have been exhibited before me are consistent with Crites' contention made both in his original bill and now in his response to the pending petition. In none of these papers does it appear that Crites ever agreed to give up his recapture rights. If he did, the proof of it lies outside of the writings. In numerous earlier cases it was held that new evidence relating to issues previously tried, in order to justify the review of a decree, "must be of a permanent and unerring character, such as a writing, document, or record." 21 C. J. 759-760, citing cases. More modern authorities, however, are to the effect that oral evidence will be acceptable if its weight and cogency are sufficient to justify the court in concluding that the result would be different if a new hearing were had. 21 C. J., p. 760. Now, here, the documentary evidence is all in favor of Crites — not in the sense that it expressly states a negative, viz., that Crites did not surrender his rights, but in the sense that it harmonizes with his position as still retaining his recapture rights. It seems rather strange that with all the writings that were put on paper by the parties concerned, no writing should have been made evidencing the very important matter of the now claimed surrender by Crites of his rights when the settlement of December, 1920, was made. No corporate record of the fact was made. Indeed so far as appears before me, the corporate records are entirely silent upon the whole matter. It looks very much as though the "settlement" was entirely a personal matter between Krieger and his associates on the one hand and Crites on the other, the former buying the latter's stock, which they as officers of the corporation caused to be issued to him in response to his suit. That and no more is what the documents signed by Crites show. Now by parol evidence, the petitioner desires to contradict the face of the written evidence by showing that Krieger was not in fact acting for himself. If the desire in that regard were favored, the doctrine of the old cases which require the new evidence to be documentary would be repudiated with violence. While that doctrine should perhaps be modified to the extent of admitting new evidence lying in parol as a basis for a review, yet it should not be violated by allowing parol evidence the dignity of outweighing evidence that is documentary.
The requested leave will be denied. The request as based on new evidence does not come within the rule governing such matters as appears from the foregoing; as based on fraud, if there be merit in that aspect of it, leave of the court is improperly asked.
Order accordingly.
 *Page 196