R. H. McWILLIAMS, JR., CO., INC.,

*vs.*

MISSOURI-KANSAS PIPE LINE COMPANY, a corporation, FRANK P. PARISH & CO., a corporation, KENTUCKY NATURAL GAS COMPANY, a corporation, and INDIANA KENTUCKY NATURAL GAS CORPORATION, a corporation,

R. H. McWILLIAMS, JR., CO., INC.,

*vs.*

MISSOURI-KANSAS PIPE LINE COMPANY, a corporation, FRANK P. PARISH & CO., a corporation, KENTUCKY NATURAL GAS COMPANY, a corporation, and INDIANA KENTUCKY NATURAL GAS CORPORATION, a corporation,

PEOPLES-PITTSBURGH TRUST COMPANY, as Trustee under the Collateral Trust Indenture, dated March 15, 1931, of MISSOURI-KANSAS PIPE LINE COMPANY,

*vs.*

MISSOURI-KANSAS PIPE LINE COMPANY, HENRY T. BUSH and C. RAY PHILLIPS, Receivers of Missouri-Kansas Pipe Line Company.

*New Castle, October 29, 1937.*

*Arthur G. Logan,* of the firm of Marvel, Morford, Ward & Logan, for petitioners.

*Reuben Satterthwaite, Jr.,* of the firm of Satterthwaite & Foulk, and *Caleb S. Layton,* of the firm of Richards, Layton & Finger, for respondents.

THE CHANCELLOR: The petition rests on a claim that newly discovered evidence has been found which, if produced and accepted as true, would result in either a denial of the original application for allowance or in a material reduction of the amount which the order awarded. The order that is sought to be opened was entered nearly one year ago, viz., on December 23, 1936.

Whether the petition be regarded as one for a new trial of the application for allowance or for leave to file a bill of review is immaterial, in view of what I regard as the controlling consideration in this particular case.

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the court. A bill of review on the ground of newly discovered evidence, which in substance seeks a new trial, cannot be filed except by leave of the court, *Crites v. Photometric Products Corp.,* 20 *Del. Ch.* 10, 169 *A.* 164; and like a motion for a new trial at law is addressed to the sound discretion of the court. *Story, Equity Pleading, 6th Ed.,* § 417. Leave to file such a bill must be asked for by either petition or motion, and the other parties must be served with notice of the application. 2 *Daniel, Chancery Practice, 4th Am. Ed., p.* 1578. This is for the manifest purpose of affording the party whose case is proposed to be re-litigated, an opportunity to show why the case is not one where the court's discretion should be favorably exercised.

Thus when leave is asked to file a bill of review on the score of new evidence, the application is posited very much as is an application for a new trial at law; and a court of equity in passing on the application for leave to file the bill, takes into account the same principles and applies the same tests, in determining whether its discretion will be

favorably exercised, as the law courts do in answering the legally analogous application for a new trial at law.

In both forums the new evidence and the witness by whom it will be produced must be stated and shown to the court. Whether in a motion for a new trial at law, the motion must be accompanied by an affidavit from the proposed witness, has never been decided in this State. I find at least two cases reported in our law reports where in the Superior Court, a motion for a new trial has apparently been supported by affidavits from the new witnesses disclosing the substance of what their testimony would be. *Cannon v. Kinney*, 3 *Har.* 72; *Vansant v. Kowaleski*, 5 *Boyce*, (28 *Del.*) 92, 90 *A.* 421. There are undoubtedly other cases in the Superior Court where the affidavit of the moving party alone, unaccompanied by the affidavit of the new witness, has been filed and acted upon. But in those cases no point ever seems to have been made of the fact that word from the new witness was wanting in the form of an affidavit to the effect that he would testify as claimed in the moving party's own affidavit. This is so unless the language of the court in *Green v. Wilmington Trust Co.*, 4 *Boyce*, (27 *Del.*) 232, 242, 87 *A.* 885, indicates the contrary. In that case a new trial was moved for, among other grounds, on the basis of new evidence to be given by one Stephenson, a non-resident. An affidavit was filed stating what Stephenson's testimony would be. The court gave as one of its reasons for denying the motion, that it did not appear from the affidavit on file that if Stephenson was produced his testimony would be as the moving party claimed. Whether the court meant to hold that an affidavit from Stephenson himself should have been produced, I hesitate to say, because the report of the case is too meagre to permit of a categorical assertion regarding the point.

In *Hilliard on New Trials, 2d Ed., p.* 514, it is stated that in addition to the party's own affidavit, the motion

for a new trial on the ground of newly-discovered evidence, must be supported by the affidavits of the proposed new witnesses setting forth the facts they will swear to on the new trial, unless it be shown that the same cannot be obtained.

In equity, on a petition for leave to file a bill of review based on newly discovered evidence, which as I have before said is closely analogous in matters of substance to a motion for a new trial at law, it is entirely proper and indeed requisite, if injustice and litigious turmoil are to be avoided, for the court to insist that a satisfactory showing should be previously made before it will re-open a controversy which was once heard and decided and give the defeated party another try at his adversary. Accordingly the court has power to take testimony upon the question of whether the petition should be granted—treating it as a question upon which the adverse party has as much right to be heard as has the petitioner. That was the view of Justice Story in the leading case of *Dexter v. Arnold,* 5 *Mason* 303, *Fed. Cas. No.* 3856. See, also, *Massie's Heirs v. Graham's Adm'r.,* 3 *McLean* 41, 48, *Fed. Cas. No.* 9263. Of course it is not to be supposed that the court would, on a motion for leave to file a bill of review on the ground of newly discovered evidence, hear testimony upon the truth or falsity of the newly discovered evidence or upon the merits of the case. *Quick v. Lilly,* 3 *N. J. Eq.* 255. But upon the question of whether such evidence exists and whether, if it does, it could be produced, certainly there could be no sensible objection to the court's taking testimony upon it.

Now in the instant case, the party in whose favor the order was entered which is now sought to be opened and reviewed, has not, as yet at least, asked that he be permitted to show that no such evidence is obtainable as the petitioners assert exists. He vigorously insists that the petitioners have not shown by their petition a *prima facie*

case calling upon him to produce anything in opposition to their application. In *Massie's Heirs v. Graham's Adm'r.*, *supra*, Circuit Justice McLean observed that on a petition for leave to file a bill of review a strong *prima facie* case should be made out. If I thought such a *prima facie* case were made out by the petitioners, I would afford their adversary an opportunity to supply evidence in refutation of the petition's allegation that the alleged new witness would testify as claimed by the petitioners.

I now come to an examination of the showing of the petitioners. They allege in their petition that they have been advised and informed and believe that a certain witness, will testify in a certain way (I omit the nature of the testimony. It is evidently material to the matter of the petition for allowance upon which the order sought to be reviewed was based). They allege further that other unnamed persons will testify to the same effect. I disregard the unnamed persons as of any consequence in the instant matter. No court should pay any attention to the alleged existence of unnamed witnesses on a motion for a new trial at law or on a petition for leave to file a bill of review in equity.

Coming back to the named witness, the allegation is, as before stated, that the petitioners have been advised and informed that he will testify as stated, and so the petitioners say they believe he will so testify. The source of their advice and information is not stated. Their solicitor admits that no affidavit has been obtained from the alleged witness. Not only so, it was admitted by the solicitor for the petitioners that neither the petitioners nor their agents had even so much as talked with the alleged witness. Apparently some one has told the petitioners that the witness will testify as claimed. There was an offer by the solicitor for the petitioners to inform the Chancellor in secret what the source of their information regarding the witness is. But I declined to receive such confidential information. To have

done so and to have been influenced thereby in my decision would be contrary to every rule of fairness which governs in the conduct of causes, and would make a mockery of the principle stated near the outset of this opinion on the authority of Mr. Daniel, that on a petition for leave to file a bill of review, the adverse party is entitled to notice, and in violation of the rule as announced by Justices Story and McLean that counter evidence in opposition to the petition is proper to be received.

Language is to be found in both the cases and text books to the effect that bills of review on the ground of newly discovered evidence are susceptible of abuse and of producing mischief to innocent parties. The same remark is equally applicable to motions for new trials at law.

I do not think it would be an exercise of sound discretion for the court either on a petition for leave to file a bill of review or on a motion for a new trial, to grant the relief asked for on such a showing as is made in this case. As I analyze the petition it is based on hearsay in at least the second degree. The petitioners have not taken the trouble to find out for themselves whether or not the alleged witness will testify as they are informed he will. They confess, through their solicitor, that they have never talked with him. If their belief were founded on conversations they had had with the witness himself, their petition would be in much better standing; though whether even then, in the absence of an affidavit from the witness or a satisfactory excuse for its absence, they would be entitled to a granting of their request, I find it unnecessary to say.

If the review were granted, there is no showing of any reasonable probability that the new evidence would even be forthcoming.

The requested leave is denied.