R. H. McWilliams, Jr., Co., Inc.,

*vs.*

Missouri-Kansas Pipe Line Company, a corporation,
Frank P. Parish & Co., a corporation, Kentucky
Natural Gas Company, a corporation, and Indiana
Kentucky Natural Gas Corporation, a corporation,

R. H. McWilliams, Jr., Co., Inc.,

*vs.*

Missouri-Kansas Pipe Line Company, a corporation,
Frank P. Parish & Co., a corporation, Kentucky
Natural Gas Company, a corporation, and Indiana
Kentucky Natural Gas Corporation, a corporation,

Peoples-Pittsburgh Trust Company, a Trustee under the
Collateral Trust Indenture, dated March 15, 1931, of
Missouri-Kansas Pipe Line Company,

*vs.*

Missouri-Kansas Pipe Line Company, Henry T. Bush
and C. Ray Phillips, Receivers of Missouri-Kansas
Pipe Line Company.

In the Matter of the Petition of Henry T. Bush and
C. Ray Phillips, Receivers of Missouri-Kansas Pipe
Line Company, and Missouri-Kansas Pipe Line Company, for leave to reopen hearing on an Application
for Allowance of Compensation.

*New Castle, April 1, 1938.*

Arthur G. Logan, of the firm of Marvel, Morford, Ward & Logan, for petitioners.

Reuben Satterthwaite, Jr., of the firm of Satterthwaite & Foulk and Caleb S. Layton, of the firm of Richards, Layton & Finger, for respondent.

THE CHANCELLOR: This is a renewal of the matter reported ante p. 281, 196 A. 813. What the absent witnesses will testify to and what the documentary evidence will disclose, if of any relevancy, is still left in a state of bare affirmation by the receivers on information and belief. While affidavits are filed in support of the application the affiants state nothing definite in the way of information obtained from either witnesses or documents. A commission is sought in order that information may be probed for. The attempt is to ask the court to issue a commission to find out if something in the way of facts can be found which some one has told the receivers is obtainable.

What will the named witnesses testify to? The receivers do not know. If any informant of theirs has given them some information, the informant has not supplied an affidavit for use in this court. Mr. Walser's affidavit makes no assertion of any evidentiary facts. The principal part of his affidavit consists of what he said to Mr. Woolfolk and Judge Murfin, which is of no materiality on the pending application.

The affidavit of Mr. McCrea amounts to no more than an explanation of why he can give no information. His opinion that I ought to open the matter of compensation

to Mr. Warrick cannot serve in lieu of a fact basis for my conclusion.

The application is denied. The receivers are instructed to forthwith make the payment which was ordered a long time ago.