In the Matter of MISSORI-KANSAS PIPE LINE CO.,
in Receivership.

*Supreme Court, On Appeal, October 28, 1941.*

LAYTON, C. J., RICHARDS, RODNEY, SPEAKMAN, and TERRY, JJ., sitting.

*Logan & Duffy,* for appellant.

*Caleb S. Layton,* of Richards, Layton & Finger, for appellee, Dupuy G. Warrick.

LAYTON, Chief Justice, delivering opinion of the Court:

This is an appeal from a decree of the Court of Chancery denying the appellant leave to file a bill of review of the order of the late Chancellor awarding to Dupuy G. Warrick compensation for services rendered the receivership

estate in effecting a settlement of claims against Columbia Gas and Electric Corporation, et al. See *R. H. McWilliams, Jr., Co., Inc., v. Missouri-Kansas Pipe Line Co.*, 21 *Del. Ch.* 308, 190 *A.* 569.

The receivers took no appeal from the award, but subsequently moved to reopen the matter for further hearing, or in the alternative, for leave to file a bill of review, on the ground of newly discovered evidence that Mr. Warrick had received a large compensation from Detroit City Gas Company for the same services for which he sought and received. the allowance from the receivership estate. In their petition, the receivers alleged that a named witness would give certain testimony, and that certain unnamed witnesses would give like testimony; but it was admitted that the receivers had never talked with the witnesses. The Chancellor, in denying the application, observed that the petition was based on hearsay in at least the second degree. See *R. H. McWilliams, Jr., Co., Inc. v. Missouri-Kansas Pipe Line Co.*, 22 *Del. Ch.* 281, 196 *A.* 813.

Thereafter the receivers applied for the issuance of a commission to take the testimony of certain witnesses, among them being William G. Woolfolk, President of Detroit City Gas Company, and affidavits were filed in support of the application. The Chancellor was of opinion that the affiants stated nothing definite in the way of information obtained from the witnesses, and that what they would testify to was left in a state of bare affirmation by the receivers on information and belief. He denied the application. See *Id.*, 22 *Del. Ch.* 324, 2 *A.* 2d 272.

On appeal to this court, the decisions of the Chancellor were sustained, 23 *Del. Ch.* 215, 2 *A.* 2d 273, not only for the reasons expressed by the Chancellor, but for the further reason, implicit in his opinions, that there had been no showing of diligence on the part of the petitioners to procure the evidence for use at the hearing before the Chancellor. It was pointed out that, from the cross-examination of Mr. Warrick at the hearing before the Chancellor, the

petitioners knew that Mr. Warrick had been employed by Detroit City Gas Company, and had done some work for it at or about the time of the claimed rendition of service for the benefit of the receivership estate, and that he had been paid certain fees by the Gas Company; that they had regarded the information which they had as pertinent and a sufficient cause for examining him thereon searchingly; that the information was clearly sufficient to put them on notice and to require them, as a part of their preparation for the hearing on Mr. Warrick's application for compensation, to seek information from the Gas Company concerning the facts; but that neither the petitioners, nor any one for them, had made the slightest inquiry of the company, or any effort whatever to gather the evidence on the material issues raised by the application for compensation.

On December 6, 1939, Missouri-Kansas Pipe Line Company filed a new petition for leave to file a bill of review in respect of the award made to Mr. Warrick based upon testimony given by Mr. Woolfolk at a hearing before the Public Service Commission of the State of Michigan. Excerpts from this testimony were set out in the bill showing, as it was asserted, that Mr. Warrick had received compensation from Detroit City Gas Company for the same services in respect of which the Chancellor had awarded an allowance to him.

In *Warrick v. Missouri-Kansas Pipe Line Co., ante p.* 177, 15 *A. 2d* 298, the Chancellor analyzed the testimony and concluded that, considered as a whole, it was insufficient to change the result if a bill of review were permitted to be filed and a new hearing of the matter of the award to Mr. Warrick be granted.

The testimony given by Mr. Woolfolk has been carefully examined. We agree that it is entirely insufficient to show any falsity of statement made by Mr. Warrick on his application for compensation. The appellant has detached certain statements made by Mr. Woolfolk in disregard of the whole context and in that way has built its case.

There is a further reason why the denial of the application was compelled. We have adverted to our decision in the former appeal, and to our conclusion in that case that the receivers and the company, as shown by the cross-examination of Mr. Warrick, were in possession of such information as to have required them, as a part of their preparation in dispute of Mr. Warrick's application, to make inquiry from the Gas Company concerning his employment and the compensation paid to him by that company. Counsel now say that this court misconceived the purport of the cross-examination which was but an attempt to show that Mr. Warrick's general practice had not suffered during the period of the service for which compensation from the receivership estate was claimed, in that he had had other work which had paid him substantial fees apart from the services rendered the Gas Company for which he had been handsomely compensated; that the cross-examination was for the purpose of minimizing the inference to be drawn from his testimony, that he had devoted five months to the settlement with the Columbia companies to the detriment of his general practice; and that there was nothing in the cross-examination to indicate that either the receivers of the company had any information that the Gas Company had paid Mr. Warrick anything in respect of services for which an allowance from the receivership estate was asked. The record, however, discloses no application to this court for a re-argument at which the alleged misinterpretation of the cross-examination might have been corrected. The position now taken by the appellant is seemingly an afterthought; and it is quite sufficient to say that, in review of what we have heretofore said, we find no reason to change our opinion.

But it is contended that the question of diligence was never at issue before the late Chancellor, was never before this court, and, therefore, is not *res judicata*. This contention has no basis either in fact or law. The question was raised before the late Chancellor. True, he did not pass upon

it directly, for he found other reasons for denying the applications. Furthermore, in every motion for a new trial at law, or in equity for leave to file a bill of review, on the ground of newly discovered evidence, the petitioner must allege and show that the evidence relied on could not in the exercise of due diligence have been found for use at the trial. This is fundamental. *Windsor v. Hearn*, 5 *W. W. Harr*. 184, 161 *A*. 288. Such showing is an inseparable incident to the application. As a matter of law the question of diligence is always an issue. The question was directly raised in the former appeal, and this court was entirely justified in examining the facts as presented by the record to determine whether due diligence had been exercised. Its determination was conclusive of that issue.

The decree of the Chancellor is affirmed.